**NOMA LITES, Inc., Plaintiff-Appellee,**

v.

**LAWN SPRAY, Inc. and Walter H. Steiner, Defendants-Appellants.**

**No. 326, Docket 23618.**

United States Court of Appeals
Second Circuit.

Argued May 5, 1955.
Decided May 20, 1955.

Morris Kirschstein, New York City (David B. Kirschstein, New York City, on the brief), for plaintiff-appellee.

Asher Blum, New York City (Mock & Blum, New York City, on the brief), for defendants-appellants.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and DIMOCK, District Judge.

PER CURIAM.

The preliminary injunction here granted, D.C., 130 F.Supp. 124, is valid. The defendants' advertising and packaging of their product is so similar to the material used by the plaintiff for its product as to entitle the plaintiff under state law to protection even without a preliminary showing of secondary meaning. Santa's Workshop, Inc. v. Sterling, 282 App.Div. 328, 122 N.Y.S.2d 488; Notaseme Hosiery Co. v. Straus, 2 Cir., 201 F. 99. Further, the individual defendant, who is now the chief officer of the corporate defendant, was employed by the plaintiff when the latter was devising this particular promotional campaign, and thus became familiar with all of plaintiff's ideas and plans. We have only recently held an abuse of confidential business secrets to be a sufficient basis for injunctive relief. Franke v. Wiltschek, 2 Cir., 209 F.2d 493. Here this access clinches the demonstration that defendants' promotional techniques were the result of copying, rather than of independent creation. And defendants' interests in the material itself are adequately safeguarded by the bond filed by the plaintiff, as increased upon suggestion of this court.

In affirming the grant of injunction pendente lite without positive proof of secondary meaning by plaintiff, we do not wish to be understood to express an opinion as to whether on the actual trial such secondary meaning can or cannot be shown. It is possible that in the very seasonal business in which the plaintiff is engaged the time period necessary for a product to acquire a secondary meaning may be quite short.

Affirmed.