**HESMER FOODS, INC., Plaintiff-Appellant,**

v.

**CAMPBELL SOUP COMPANY, Defendant-Appellee.**

No. 14981.

United States Court of Appeals
Seventh Circuit.

May 27, 1965.

John D. Clouse, Ralph M. Koehne, Evansville, Ind., for appellant.

Thomas M. Scanlon and Richard E. Deer, Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., for appellee.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff seeks an injunction and damages as a result of defendant's alleged trademark infringement,[1] unfair competition under the statutes of the United States,[2] and common law unfair competition, by defendant's labeling one of its products in a way alleged to be both false and misleading and confusingly similar to the way in which plaintiff labeled its trademarked product "Beanee Barbecue."

Upon motion, the trial court severed the issues of liability and damages. At the conclusion of plaintiff's case on the issue of liability, the Court sustained defendant's motion for a directed verdict.

Plaintiff is engaged in the business of processing and sale of food products. Most of its distribution is within a hundred mile radius of Evansville, Indiana. However, plaintiff's product, "Beanee Barbecue", was sold in interstate commerce.

On February 9, 1960, plaintiff secured a federal trademark, "Beanee Barbecue." The product bearing this name and mark sold generally at thirty-nine cents a can. in the spring of 1961, defendant began marketing a canned product known as "Barbecue Beans" which contained three kinds of beans but no meat. This product customarily sold for nineteen or twenty cents a can.

The major ingredients of plaintiff's "Beanee Barbecue" in the order of their quantity by weight are beans, water, catsup and pork. The pork content constituted 8.4% of the product. The remaining 91.6% is not subject to any open fire cooking process. However, the beans in the product are cooked in an open vessel.

Defendant's "Barbecue Beans" are marketed under red and white labels with the name "Campbell" in white script on a red back-ground prominently appearing thereon. The same red and white labels presently appear on other Campbell products including Campbell's soups. Campbell has been using similar red and white labels for some years. They have been widely advertised in leading magazines and are readily seen on various Campbell products displayed for sale in groceries and food stores throughout the country.

The evidence showed that there is a large number of products on the market which are called barbecue beans. All of them are meatless or essentially meatless, and some of them were on the market prior to the introduction of plaintiff's "Beanee Barbecue." Plaintiff itself sells three meatless products—"Bar-B-Q Chips," "Barbecue Dip" and "Barbecue Baste," none of which is subjected to any open fire cooking process.

Plaintiff claims that its "Beanee Barbecue" is prepared by cooking beans in an open vessel and that 8.4% of its product is hickory-smoked, pit-cooked barbecued pork, and that this product was well received. Plaintiff claims that when Campbell put its barbecued beans on the market selling at nineteen or twenty cents a can, the sale of its "Beanee Barbecue" was adversely affected.

Plaintiff's complaint as to Campbell's labels is that it includes such words as "Fresh-off-the-open-fire flavor, with the zip and tang of picnic dinners cooked

1. 15 U.S.C. § 1114(1).

2. 15 U.S.C. § 1125(a).

over glowing embers." Plaintiff says that Campbell's product was not cooked in an open vessel or over an open fire or pit or over glowing embers. Plaintiff also complains that Campbell's label included the picture of an open kettle full of beans, and argues that defendant's label claimed ingredients which they did not have but which plaintiff's "Beanee Barbecue" did have.

Plaintiff cites cases such as Independent Nail & Packing Co. v. Stronghold Screw Products, Inc., 7 Cir., 205 F.2d 921, and Watkins Products, Inc. v. Sunway Fruit Products, Inc., 7 Cir., 311 F.2d 496, to the effect that the critical test is "likelihood of confusion." Plaintiff claims that in the instant case, it made a *prima facie* showing of "likelihood of confusion."

■    Starting with fundamentals "* * * 'The law of trade-marks is but a part of the broader law of unfair competition' * * * the general purpose of which is to prevent one person from passing off his goods or his business as the goods or business of another." American Steel Foundries v. Robertson, 269 U.S. 372, 380, 46 S.Ct. 160, 162, 70 L.Ed. 317.

In the instant case, there is no proof that defendant was selling or attempting to sell its barbecue beans as plaintiff's product. In fact, the plaintiff's president admitted on the witness stand that he knew of no one who had purchased Campbell's product thinking it was the product of the plaintiff, and that the labels were so dissimilar in appearance that "maybe a person that was without vision could be confused."

Some of the difficulty in this case arises from the fact that the word "barbecue" can be used as a noun, as a verb or as an adjective.

Campbell's use of the words "barbecue beans" is not a trademark but rather a description of its product, that is, beans in a barbecue sauce suitable for use at a barbecue. Plaintiff does the same in marketing its three meatless products, Bar-B-Q Chips, Barbecue Dip and Bar-

becue Baste. Such use is common in the food industry.

■■    Certainly the granting of the trademark "Beanee Barbecue" did not convey to plaintiff a monopoly for preparing beans for barbecues. "Beanee" is undoubtedly the same as "Beany" which would accurately describe a product containing many beans. The misspelling of the adjective suffix which does not change the pronunciation, does not make a descriptive mark arbitrary. A similar situation arose in Keller Products, Inc. v. Rubber Linings Corp., 7 Cir., 213 F.2d 382, at pages 385–386, 47 A.L.R.2d 1108 where we said—"Spelling 'cove' as 'Kove' does not make the word less descriptive." See also, Colburn v. Puritan Mills, Inc., 7 Cir., 108 F.2d 377 where we considered the mark "Py-Do." We there said at page 378—"Giving plaintiff the trademark 'Py-Do' did not convey to her the monopoly of making dough for pies."

■    Plaintiff argues that the use of the word "Barbecue" which appears on the defendant's label between the words "Campbell's" and "Beans" necessarily implies that the product contains meat. We think there is no basis for such an argument. On every label of defendant's "Barbecue Beans" there is a statement of the contents of the can which appears in readable print. This statement purports to contain a list of the ingredients and, of course, there is no mention of any meat stock. The label also states "Here's a special treat from Campbell's—three kinds of beans simmered in mild barbecue sauce. * * *" On another portion of the label in still larger type printed in red on a light background appears "3 Kinds Of Beans In Mild Barbecue Sauce."

■    Plaintiff did make proof of a loss of sales in its "Beanee Barbecue" after defendant's product was on the market. However, such result would seem quite natural with plaintiff's "Beanee Barbecue" selling at thirty-nine cents a can and defendant's product at nineteen or twenty cents a can. Of course, diversion of trade from one business competitor to another caused by price competition, is not action-

able. Restatement of the Law of Torts, § 768 (1939 Ed.).

Hesmer claims two letters from persons in the food industry show "confusion." These letters asked how Hesmer could justify the high price of its product compared with the price of Campbell's barbecued beans. An examination of these letters discloses the writers thereof had no confusion whatsoever about the origin of Campbell's product.

■ There were complaints to plaintiff from customers concerning the twenty cent difference in price between Hesmer's and Campbell's products, but again, there isn't the slightest suggestion which showed any consumer confusion as to the source or origin of Campbell's products. We hold the trial court was justified in concluding that the evidence and all reasonable inferences therefrom viewed in the light most favorable to the plaintiff, failed to make a *prima facie* case of trademark infringement or a related case of common law unfair competition.

We consider now plaintiff's claim under Section 43(a) of the Lanham Trade-Mark Act (15 U.S.C. § 1125(a)). In Joshua Meier Company v. Albany Novelty Mfg. Co., 2 Cir., 236 F.2d 144, 147–148, the Court said: " * * * 15 U.S.C.A. § 1125(a) requires at least that the defendant be guilty of a false representation."

Plaintiff makes no proof of a false designation of origin. Its claim seems to be that Campbell's label is a "false description or representation." The primary misrepresentation according to plaintiff is the word "barbecue" in the name Campbell's Barbecue Beans. It implies that Campbell's product contains meat or that it has been cooked over an open fire.

We have already referred to the three barbecue products of plaintiff which contain no meat and none of which are subjected to an open-fire cooking process. Plaintiff admits Campbell could properly name its product "Campbell's Beans in Barbecue Sauce." Thus, plaintiff's claim is that the word "barbecue" when used as an adjective with the word "beans" necessarily implies a meat product, but when used as an adjective with the words "dip" or "chips" or "baste" or "sauce" this is not true. We disagree!

Numerous labels were received in evidence showing the use of the term "barbecue beans" for meatless products. Some of these were on the market before plaintiff's barbecued beans were marketed. Many other products by other companies use the term "barbecue" as an adjective as did the defendant. It is difficult to spell out a false representation if a seller adopts methods commonly used to describe similar products. Joshua Meier Company v. Albany Novelty Mfg. Co., supra, page 148.

■ Consumer deception is an integral part of a claim under Section 1125(a), 15 U.S.C. To establish a right to damages, actual deception must be shown. To obtain equitable relief, only a likelihood of consumer deception need be shown.

■ Due to the separation of issues in this case, Hesmer, in order to establish a prima facie case, was not required to introduce evidence as to the amount of its damages, but it was required to show some likelihood of competitive injury arising from a false representation made by Campbell in marketing its product. This it has not done.

If plaintiff had shown that a diversion of its trade was caused by misrepresentation by Campbell in marketing its product, we would have a different situation before us. However, we think the record does not contain such proof, and we hold that the District Court was warranted in directing a verdict in favor of the defendant on all three counts upon which plaintiff relied.

Other objections have been urged by plaintiff which we have considered, but we think detailed discussion thereof is not warranted. Such objections are overruled.

Judgment affirmed.