**BOGENE INC., Plaintiff,**

v.

**WHIT-MOR MANUFACTURING CO. Inc., Defendant.**

**Civ. A. No. 65 Civ. 1294.**

United States District Court
S. D. New York.

March 15, 1966.

As Amended April 21, 1966.

James & Franklin, New York City, for plaintiff, Harold James, New York City, of counsel.

Alan W. Borst, New York City, for defendant.

HERLANDS, District Judge:

Defendant has made a motion to dismiss for lack of jurisdiction over the subject matter, pursuant to Fed.R.Civ.P. 12 (b) (1) and for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b) (6). The court denies defendant's motion in all respects for the reasons hereinafter set forth.

Plaintiff and defendant are competitors in the manufacture and sale of gar-

ment bags. One type of garment bag which both parties make and sell contains cannisters of mothproofing material at the top and bottom of each bag. This suit does not involve the garment bags themselves. The thrust of plaintiff's complaint is that defendant has purposefully and intentionally copied plaintiff's brochure sheets, which function as labels for its product, with the intent to achieve so close a simulation in appearance as to cause confusion in the minds of prospective purchasers of garment bags and cause them to purchase defendant's garment bags when their intent is to purchase plaintiff's garment bags. (See complaint, p. 3.)

Defendant contends that the court must dismiss this action for lack of jurisdiction over the subject matter. The court finds that contention to be without merit and holds that subject matter jurisdiction exists by virtue of Section 43 (a) of the Lanham Act, 60 Stat. 441 (1946), 15 U.S.C. § 1125(a) (1964) and Section 39 of the Lanham Act, 60 Stat. 440 (1946), 15 U.S.C. § 1121 (1964). Those sections read as follows:

> "Sec. 43. (a) Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

> "Sec. 39. The district and territorial courts of the United States shall have original jurisdiction, the circuit courts of appeal of the United States and the United States Court of Appeals for the District of Columbia shall have appellate jurisdiction, of all actions arising under this Act, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

It is the defendant's position that the Lanham Act itself does not afford an independent basis for federal jurisdiction in unfair competition cases, and, in the absence of diversity of citizenship or pendent jurisdiction, this court has no subject matter jurisdiction over an unfair competition claim.

In support of its position, defendant relies upon Royal Lace Paper Works, Inc. v. Pest-Guard Prods., Inc., 240 F.2d 814 (5th Cir. 1957); American Auto. Ass'n v. Spiegel, 205 F.2d 771 (2d Cir.), cert. denied, 346 U.S. 887, 74 S.Ct. 138, 98 L. Ed. 391 (1953); Kaz Mfg. Co., Inc. v. Chesebrough-Pond's, Inc., 211 F.Supp. 815 (S.D.N.Y.1962), aff'd, 317 F.2d 679 (2d Cir. 1963); Ross Prods., Inc. v. Newman, 94 F.Supp. 566 (S.D.N.Y.1950). With the exception of the *Kaz* case, supra, those decisions are inapposite as they are concerned with Section 44 of the Lanham Act, 60 Stat. 441 (1946), 15 U.S.C. § 1126 (1964) and not Section 43 (a) of the Lanham Act which is the relevant section in the case now before us. Viewing the *Kaz* case, supra, in the light most favorable to the defendant, the most that it can be said to suggest in footnote 23 is that Section 43(a) of the Lanham Act does not create an independent basis for subject matter jurisdiction over a claim predicated upon the publication of defamatory matter which allegedly injured the plaintiff's business.

On the other hand, it has been held that Section 43(a), the section upon which plaintiff's complaint is based, is the result of a Congressional intent to fashion a new federal remedy against a particular kind of unfair competition—namely, the use of a false designation of

origin. American Rolex Watch Corp. v. Jack Laufer & Jan Voort, Inc., 176 F. Supp. 858, 861 (E.D.N.Y.1959); Mutation Mink Breeders Ass'n v. Lou Nierenberg Corp., 23 F.R.D. 155, 161 (S.D.N.Y. 1959). See Callman, False Advertising As A Competitive Tort, 48 Colum.L.Rev. 876, 886 (1948).

■ The court finds that it does have subject matter jurisdiction over the unfair competition claim presented here by virtue of Sections 43(a) and 39 of the Lanham Act. See, e. g., Federal-Mogul-Bower Bearings, Inc. v. Azoff, 313 F.2d 405 (6th Cir. 1963); Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F. 2d 538, 540–541 n. 1, 546 (2d Cir. 1956); L'aiglon Apparel, Inc. v. Lana Lobell, Inc., 214 F.2d 649 (3d Cir. 1954); Eastman Kodak Co. v. Royal-Pioneer Paper Box Mfg. Co., 197 F.Supp. 132 (E.D.Pa. 1961); Scarves By Vera, Inc. v. United Merchants and Mfrs., Inc., 173 F.Supp. 625, 630 (S.D.N.Y.1959); Catalina, Inc. v. Gem Swimwear, Inc., 162 F.Supp. 911, 912 (S.D.N.Y.1958). Compare Morris Struhl, Inc. v. Relaxor Cushion Corp., 161 F.Supp. 826, 828 (S.D.N.Y.1958); Fluidless Non-Tact Lenses, Inc. v. Klear Vision Contact Lens Specialists, Inc., 158 F.Supp 145, 146 (S.D.N.Y.1958). See generally Bunn, The National Law Of Unfair Competition, 62 Harv.L.Rev. 987, 998–1000 (1949); Derenberg, Federal Unfair Competition Law At The End Of The First Decade Of The Lanham Act: Prologue Or Epilogue?, 32 N.Y.U. L.Rev. 1029, 1039–55 (1957). Therefore, it does not find it necessary to discuss plaintiff's contention that there is also diversity of citizenship nor its allegations of jurisdiction under Section 44 (b), (h) and (i) of the Lanham Act, 60 Stat. 442–443 (1946), 15 U.S.C. § 1126 (b), (h) and (i) (1964) and 28 U.S.C. § 1338 (1964).

■ Defendant also contends that the complaint must be dismissed, pursuant to Fed.R.Civ.P. 12(b) (6), for failure to state a claim upon which relief can be granted. The court finds that contention to be without merit.

Defendant contends that by virtue of the decisions in Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed. 669 (1964) and Sears Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), the unfair competition law of a state "cannot prevent the copying of works unprotected by design patents and copyright which nevertheless are subject to such federal protection." (Plaintiff's Memorandum, pp. 4–5). See generally Symposium, Product Simulation: A Right Or A Wrong?, 64 Colum.L.Rev. 1178 (1964). However, plaintiff's claim is predicated not on state unfair competition law but upon a Congressionally-created right of action for a particular kind of unfair competition. We do not reach the question of whether a valid claim for relief could be predicated on the unfair competition law of New York State. See Flexitized, Inc. v. National Flexitized Corp., 335 F.2d 774, 781 n. 4 (2d Cir. 1964), cert. denied, 380 U.S. 913, 85 S.Ct. 899, 13 L.Ed.2d 799 (1965). See generally Callman, False Advertising As A Competitive Tort, 48 Colum.L.Rev. 876 (1948).

■ Citing the Sears and Compco cases, supra, defendant also contends that Section 43(a) of the Lanham Act would be unconstitutional if it is interpreted to prevent a competitor from copying a copyrightable but uncopyrighted label. (Defendant's Memorandum, pp. 5–7). Whatever the merits of that contention may be, the substance of the wrong the complaint alleges, and which Section 43 (a) seeks to prevent, is the use of any words or symbols which constitute a false designation of the origin of goods, not the mere act of copying another's label. See generally Sears case, supra at 232; Compco case, supra 376 U.S. at 238, 84 S.Ct. 779; House Committee on the Judiciary, 89th Cong., 1st Sess., Copyright Law Revision, Part 6, Supp. Report of the Register of Copyrights on the General Revision of the U. S. Copyright Law: 1965 Revision Bill at page 85 (Comm. Print May, 1965).

Defendant's motion is denied in all respects for the reasons stated above. So ordered.