**GENERAL POOL CORPORATION,**
**Plaintiff,**

v.

**HALLMARK POOL CORPORATION,**
**Robert Hall, and Richard Bryant,**
**Defendants.**

**No. 66 C 754.**

United States District Court
N. D. Illinois, E. D.
Oct. 19, 1966.

Emanuel Gordon, Chicago, Ill., for plaintiff; Hume, Groen, Clement & Hume, Chicago, Ill., of counsel.

Jerome Gilson, Donald M. Rose, Chicago, Ill., for defendants; Moriarty & Rose, Chicago, Ill., of counsel.

## OPINION AND ORDER

AUSTIN, District Judge.

This is a suit seeking an injunction and damages for alleged violations of Section 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).[1] No basis for jurisdiction exists other than Section 39 of the Act, 15 U.S.C. § 1121, since diversity of citizenship among the parties is lacking. Both parties are engaged in interstate commerce. An earlier order of this Court denied plaintiff's motion for a preliminary injunction. The motion presently before the Court is defendants' motion to dismiss which, at the instance of the defendants and without objection by the plaintiff, is treated as a motion for summary judgment pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

The facts alleged to give rise to liability are uncontested. Plaintiff is a corporation engaged in the business of designing and constructing swimming pools. The corporate defendant is engaged in the same business in competition with the plaintiff. The individual defendants, formerly employed by plaintiff as sales managers, own and operate the corporate defendant. As they left plaintiff's employ to form the corporate defendant, defendants Hall and Bryant took with them, without plaintiff's permission, a picture of a swimming pool which had been constructed by the plaintiff. The picture Hall and Bryant chose to remove from plaintiff's files had been used extensively and at considerable expense by the plaintiff in its advertising campaigns.

Hall and Bryant then proceeded to design a brochure to advertise the kinds of pools the defendant corporation allegedly stood ready to construct. In the brochure appears the unaltered picture of the plaintiff's pool, which picture presumably also appears in the brochure advertising the plaintiff's pools. Defendants do not contest the allegations of the plaintiff that the picture was acquired by the defendants by theft; that the picture was produced solely at the plaintiff's expense; that the picture is used by the plaintiff to advertise its pools; and that pictures of swimming pools in brochures, and this picture in particular, stimulate pool sales. Defendants frankly admit their actions and allege that as a matter of law, plaintiff has stated no claim cognizable under Section 43(a) of the Lanham Act.

Plaintiff, significantly, does not claim its interest in the picture is protected by a copyright; nor does plaintiff claim any interest in the nature of a copyright or patent in the design or mechanics of the pool itself. In light of defendants' unrefuted exhibits demonstrating that pools of similar design, known in the trade as "lazy L," are built by numerous pool companies, plaintiff can make no special claim in the design of the pool.

---

1. The Act provides in pertinent part: "Any person who shall * * * use in connection with any goods or services * * a false designation or origin, or any false description or representation, including words or other symbols * * * shall be liable to a civil action by any person * * who believes that he is or is likely to be damaged by the use of any such false description or representation."

Neither does plaintiff assert that this particular variation of the "lazy L" design is distinctly associated with it as a producer of pools. Rather, plaintiff asserts simply that defendants' use of its picture in their brochure constitutes either a false representation or false designation of origin, or both, amounting to unfair competition which entitles plaintiff to bring this action under Section 43(a) of the Lanham Act.

■ Although neither the picture nor the pool enjoy any special statutory protection in the nature of a patent, copyright, or trademark, the uncontested allegations of the complaint nevertheless constitute conduct which will give rise to a claim under Section 43(a) of the Lanham Act. Bogene, Inc. v. Whit-Mor Mfg. Co., 253 F.Supp. 126 (S.D.N.Y.1966); L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 214 F.2d 649 (3rd Cir. 1954); Zandelin v. Maxwell Bentley Mfg. Co., 197 F.Supp. 608 (S.D.N.Y.1961); Federal-Mogul-Bower Bearings Inc. v. Azoff, 313 F.2d 405 (6th Cir. 1963); Noma Lites, Inc. v. Lawn Spray, Inc., 222 F.2d 716 (2d Cir. 1955); Glenn v. Advertising Publications, Inc., 251 F.Supp. 889 (S.D.N.Y. 1966). Section 43(a) of the Act has been construed to embrace what is essentially a claim for false advertising, a tort cognizable before the Act only in the state courts absent diversity of citizenship. The language of the Act is sufficiently broad to support such a construction and to include within its ample scope the claim that is made by the plaintiff here. This result is reached by attaching to the defendants' brochure the only reasonable construction that can be made, and that is, that the defendant corporation installed the pools pictured in its brochure. To the extent that the defendant corporation did not install the pool represented by the picture of plaintiff's pool, there is a false representation and hence false advertising, if not in fact a false designation of origin. And plaintiff, as one who is or may be damaged, is entitled to bring this action.

Since the defendants' brochure contains a false representation, and since the Act embraces "any false description or representation," it is not necessary to determine at this point whether the mere use by defendants of plaintiff's picture in its brochure without more constitutes "a false designation" of origin as that term is used in Section 43(a) of the Act. A reasonable reading of the Act would include within the phrase "false designation or origin" only those kinds of false designations that arise where one manufacturer appropriates the identifying marks of another manufacturer to identify his products by placing them on the product itself or by using them prominently in its advertising media. That type of false designation of origin may be present here if plaintiff is able to show that the picture is distinctly associated with it as a producer of swimming pools.

Defendants claim, however, that in this instance there is, and can be, no false designation of origin because their brochure indicates only that defendants stand ready to build pools like the ones pictured in the brochure and not that the defendants actually installed the pictured pools. Such a construction of defendants' brochure is tortured, and it would not be unreasonable to find upon proof of the fact that the picture has become distinctly associated with the plaintiff that there has in fact been a misdesignation of origin within the meaning of Section 43(a) of the Act.

■ But Section 43(a) cannot be read to embrace every claim for false advertising, or for false descriptions or designations of origin. Section 43(a) must be read to embrace only those kinds of unfair competition which are analagous to, or associated with, the misuse of trademarks or tradenames, and which produce the same kinds of injuries. Federal-Mogul-Bower Bearings, Inc. v. Azoff, supra; Samson Crane Co. v. Union National Sales, Inc., 87 F.Supp. 218, 222 (D.C.Mass.1949), aff'd per curiam 180 F.2d 896 (1st Cir. 1950). Although it appears to be settled that Section 43(a) does not incorporate a requirement of actual "palming off," Smith-Victor Corpo-

ration v. Sylvania Electric Products, Inc., 242 F.Supp. 302 (N.D.Ill.1965); L'Aiglon Apparel, Inc., supra; Glenn, supra, Section 43(a) must still be read in the context of the statute in which it appears, a statute which addresses itself to the use and misuse of trademarks and tradenames, and particularly in light of the last paragraph of Section 45 of the Act, 15 U.S.C. § 1127, which sets forth the intent of the Act.[2] That section makes it clear that Congress intended to protect those engaged in interstate commerce from the kind of unfair competition that results when a manufacturer has his identifying marks misappropriated by another in an effort to confuse the public as to the true source of the product involved. Federal-Mogul-Bower Bearings, supra; Frostie Co. v. Dr. Pepper, 341 F.2d 363 (5th Cir. 1965); Hesmer Foods, Inc. v. Campbell Soup Co., 346 F.2d 356 (7th Cir. 1965); Samson Crane, supra. Thus acts that are alleged to constitute the kind of unfair competition that is embraced by Section 43(a) of the Act must involve the misuse of some distinguishing characteristic of a manufacturer's product or of the manufacturer himself. Since the characteristic involved need not be a registered trademark or tradename, see *L'Aiglon Apparel, Inc.*, supra, a picture such as the plaintiff's here could amount to a distinguishing characteristic, and its misappropriation and use by another could constitute the kind of unfair competition which Section 43(a) contemplates.

◼ The complaint alleges obscurely that the picture here involved has become associated with the plaintiff to such a degree that it functions similarly to a trademark, that persons seeing it in the defendants' brochure became confused as to the true origin of the pool, that persons may have bought pools from the defendant corporation in the belief that they were in fact purchasing plaintiff's pool, and that because of these facts, plaintiff has been damaged. Nothing defendants adduce in support of their motion for summary judgment refutes this allegation. Thus plaintiff is entitled to an opportunity to prove these allegations, and defendants' motion for summary judgment must therefore be denied.

To succeed at trial, therefore, plaintiff must establish that the picture has become distinctively associated with it in much the same manner as a trademark or tradename so that its use by the defendants resulted in, or was likely to result in, confusion among the pool-buying public as to which corporation's pool it was buying when it based a decision to buy a pool on the particular picture involved, thus constituting the kind of unfair competition cognizable under the Act. In light of the very short time in which the picture was used by the plaintiff, its burden of proof is particularly great to establish that the picture acquired a quality similar to "secondary meaning" or that the picture was used in much the same manner as a trademark is used. This is not to say that plaintiff must establish actual "palming off;" rather it must establish the likelihood of confusion as to the source of the pool arising out of the use of plaintiff's picture by the defendants. See Day-Brite Lighting, Inc. v. Sandee Mfg. Co., 286 F.2d 596 (7th Cir. 1960); Morris Struhl, Inc. v. Relaxor Cushion Corp., 161 F.Supp. 826 (S.D.N.Y.1958); Hesmer Foods, supra; Joshua Meier Co. v. Albany Novelty Co., 236 F.2d 144 (2d Cir. 1956);

2. Section 45 of the Lanham Act, in its last paragraph provides: The intent of this chapter is to regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce; to protect registered marks used in such commerce from interference by state, or territorial legislation; to protect persons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trade-marks, trade names, and unfair competition entered into between the United States and foreign nations.

*Frostie Co.*, supra. The fact that the defendants acquired the picture through what may be termed at best a breach of confidential relationship is irrelevant to whether or not their conduct is actionable under Section 43(a) of the Lanham Act since that Act condemns only certain kinds of unfair competition and not conduct which may be unfair competition only under state law where, as here, no diversity exists.

Defendants rely heavily in their efforts to resist plaintiff's claim on George O'Day Associates, Inc. v. Talman Corporation, 206 F.Supp. 297, aff'd on other grounds, 310 F.2d 623 (1st Cir. 1962). Such reliance is misplaced since there, unlike here, the picture employed by the defendants had been retouched and was not precisely the same picture as was used by the plaintiff there in its advertising. And more significantly, the evidence adduced at trial indicated that there was no likelihood of confusion among consumers.

Defendants contend that since they produce pools of equal quality with the plaintiff's pool appearing in their brochure, a factual allegation which plaintiff disputes, there has been no misrepresentation. That is a second factual issue that remains to be determined at trial since defendants adduce nothing in support of their motion for summary judgment other than their own affidavits to substantiate their claim. Moreover, this question relates to damages and not to whether plaintiff states a cause of action under the Act, and it is not reached unless plaintfff can sustain its burden of proof to show that the picture has acquired the requisite special association with plaintiff so that its use by the defendants can constitute the kind of unfair competition that is embraced by Section 43(a).

Defendants further resist plaintiff's claim by asserting that since the cases of Sears Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1963), and Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1963), give defendants a license to copy plaintiff's pool in every detail, nothing in Section 43(a) of the Lanham Act forbids defendants from advertising their pool with a picture of plaintiff's pool. There is no question but that defendants have the right to copy plaintiff's pool, to take a picture of their copy, and to use that picture in their advertising campaign. The issue here, however, is not whether defendants have the right to copy plaintiff's pool; rather it is whether they have made any false representations in their advertising by using the picture of plaintiff's pool in its unique setting. Defendants contend also that since plaintiff's pool had not developed any secondary meaning, a factual allegation which, though disputed by plaintiff, is supported by defendants' affidavits and exhibits, a picture of the pool cannot contain any indication of origin or its use constitute false representation. That would be relevant if it were the pool that is in issue. Rather it is the picture, and Section 43(a) of the Act, as noted above, addresses itself to other kinds of false representations besides false indications of origin. Moreover, *Stiffel* and *Compco* say only that here nothing in the law of unfair competition of Illinois can prevent defendants from duplicating plaintiff's pool and then photographing it and placing that picture in their brochure. Those cases do not give defendants a license to compete in a manner that is condemned by an entirely separate federal statutory prohibition found in Section 43(a) of the Lanham Act. *Bogene*, supra.

After careful evaluation of the pleadings, briefs, and exhibits before me, I have today, for the reasons set forth above, entered an order denying defendants' motion for summary judgment.