**McTAVISH BOB OIL CO., Inc., a corporation, Plaintiff,**

v.

**DISCO OIL CO., a corporation, and Charles P. Addis, an individual, Defendants.**

**No. 72 C 911.**

United States District Court, N. D. Illinois, E. D.

Aug. 7, 1972.

Thomas E. Smith, Gregory B. Beggs, Chicago, Ill., for plaintiff.

Pedderson, Menzimer, Conde, Stoner, Ferolie & Spelman, Rockford, Ill., for defendant.

## MEMORANDUM OPINION and JUDGMENT ORDER

AUSTIN, District Judge.

Plaintiff has alleged a claim pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which provides that one shall be liable in a civil action if he uses a "false designation of origin" or a "false description or representation" in connection with any goods or services entered into commerce. It alleges in Count I of its complaint that it began to use the name "Disco" in connection with its sale of automobile and truck service station services and gasoline on or about April 28, 1971. It argues that the corporate defendant began to use the term "Disco" subsequent to that date. The individual defendant is alleged to be the sole owner of the corporation.

Defendants have moved to dismiss the complaint on the ground that the corporation had a prior registration of the trademark and that therefore § 43(a) does not apply. Attached to defendants' motion to dismiss is a letter from the Illinois Secretary of State dated January 19, 1971, reserving the name "Disco Oil Co." for a period of 60 days. Also attached is a Certificate of Incorporation issued to Disco Oil Co. by the Illinois Secretary of State on February 11, 1971.

■ Defendant first argues that there is no jurisdiction pursuant to § 43(a) because plaintiff fails to allege any federally registered trademark, while plaintiff counters that that section imposes no such requirement. Both sides cite the decision of this court in General Pool Corp. v. Hallmark Pool Corp., 259 F.Supp. 383 (N.D.Ill.1966), as supporting their respective positions. There, this court cited with approval the line of cases beginning with L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 214 F.2d 649 (3rd Cir. 1954), which has held that a claim under § 43(a) does not have to be based on a statutory trademark. More recent cases have added to that line of authority, e. g. Potato Chip Institute v. General Mills, Inc., 333 F.Supp. 173, 179 (D.Neb.1971). Thus the mere fact that the complaint does not allege a federally registered trademark is not a bar to a claim under § 43(a).

■ This court finds, however, that the factual allegations of the instant complaint are not sufficient to bring it within the provisions of the statute. Generally, cases found to be within the scope of § 43(a) involve either the defendant using a creation of plaintiff's advertising (as was the situation in the *General Pool* case before this court) or dishonestly claiming for its goods an attribute which the plaintiff's goods possessed. Developments in the Law—Competitive Torts, 77 Harv.L.Rev. 888, 907–08 (1964).

The issue in this case, which does not fall into either of those two categories, can be stated as follows: Does a plaintiff with an unregistered trademark, which was first used by plaintiff after defendant registered the trademark with the state, have a claim against defendant under § 43(a) for defendant's using the trademark, on the ground that such use constitutes either a "false designation of origin" or a "false description or representation." While neither side has cited to this court any case law on the

issue of whether an unregistered trademark is covered by the statute, there are several cases which shed some light on the question.

In Joshua Meier Co. v. Albany Novelty Manufacturing Co., 236 F.2d 144 (2d Cir. 1956), the plaintiff contended that defendant's use of five of plaintiff's unregistered trademarks violated § 43(a). The court said,

> [t]he theory of this cause of action is that the defendant's use of these expressions constitutes a false designation of origin and a false description and representation in violation of 15 U.S.C.A. § 1125(a). This can only be so if the alleged unregistered trademarks used by the plaintiff are so associated with its goods that the use of the same or similar marks by another company constitutes a representation that its goods come from the same source. 15 U.S.C.A. § 1125(a) requires at least that the defendant be guilty of a false representation. If the expressions used here by the defendant are not uniquely associated with the plaintiff's goods there is no such false representation.

236 F.2d at 147.

That interpretation of § 43(a) was followed by the court in Scarves by Vera, Inc. v. United Merchants and Manufacturers, Inc., 173 F.Supp. 625, 629–630 (S.D.N.Y.1959), where the plaintiff alleged that its unregistered trademark was used in connection with the sale of blouses throughout the United States and therefore was widely recognized as plaintiff's exclusive trademark.

In Sutton Cosmetics (P.R.), Inc. v. Lander Co., 455 F.2d 285 (2d Cir. 1972), the court found that plaintiff had a common law right in a trademark and affirmed the trial court's granting of a preliminary injunction, enjoining defendants from using plaintiff's trademark on the ground that such use was a false designation of origin under § 43(a). As the dissent noted, the case presented a "novel question" concerning the applicability of § 43(a). 455 F.2d at 290.

█ While the case law is not at all clear as to whether § 43(a) applies to the use by a defendant of a plaintiff's alleged common law trademark, this court believes that plaintiff has not alleged facts sufficient to even raise such a possible application of the statute. It remains uncontradicted that defendant was incorporated with the name Disco Oil Co. by the Illinois Secretary of State on February 11, 1971, while plaintiff alleges its first use of the trademark Disco was April 28, 1971. Plaintiff merely makes broad and unsupported allegations that since April 28, 1971, it has used its trademark and extensively advertised and promoted its products in "interstate commerce throughout the United States, including the State of Illinois." It has not, however, alleged that it does business anywhere else than "a principal place of business in Elgin, Illinois." It has not alleged that it made any prior use of the trademark anywhere at any time prior to defendant's incorporation. It has not alleged that it has a common law trademark in Illinois or in any other state or area of the country. Thus, plaintiff has not alleged facts that would tend to show that the trademark "Disco" has become "uniquely associated" with its goods and services. Joshua Meier Co., supra, 236 F.2d at 147. The court finds that plaintiff's complaint does not allege facts tending to show that defendants used a "false designation of origin" or a "false description or representation" which would state a claim under § 43(a).

Plaintiff's other counts are based on alleged violations of state law, of which plaintiff alleges this court has jurisdiction pursuant to 28 U.S.C. § 1338(b) because they assert a claim of unfair competition joined with a "substantial and related claim under the copyright, patent or trademark laws." Because this court finds that plaintiff has asserted no claim in Count I under the trademark laws, the other counts cannot stand.

Case dismissed.