57 F.3d 1085
 1995-2 Trade Cases P 71,144
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PROPORTION-AIR, INC., Plaintiff-Appellant,
v.
BUZMATICS, INC., Edward D. Lewis, and William Franklin
Reeves as sole executor of the estate of John
Michael Reeves, Defendants-Appellees.
 No. 94-1426.
 United States Court of Appeals, Federal Circuit.
 June 14, 1995.
Rehearing Denied July 13, 1995.
 
 BEFORE RICH, CLEVENGER and BRYSON, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 On June 29, 1994, the United States District Court for the Southern District of Indiana after a bench trial held, with respect to the claims of Proportion-Air, Inc. (Proportion), that (1) Buzmatics, Inc., Edward D. Lewis, and William F. Reeves as sole executor of the estate of John M. Reeves (Reeves) had not infringed Proportion's United States Patent No. 4,901,758 ('758 patent); (2) Lewis and Reeves did not owe any fiduciary duties to Proportion; and (3) Lewis and Reeves did not misappropriate any trade secrets or confidential information owned by Proportion. With respect to Buzmatics's counterclaims, the court held that Proportion (1) violated the Indiana Uniform Trade Secrets Act (UTSA), Indiana Code Sec. 24-2-3-1 et seq. (West 1995), and Indianapolis Municipal Code Sec. 13-6 by misappropriating Buzmatics's trade secrets and confidential information; (2) engaged in patent mismarking in violation of 35 U.S.C. Sec. 292 (1988); (3) engaged in attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. Sec. 2 (1988); (4) violated Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a) (1988 & Supp. V 1993) by violating 35 U.S.C. Sec. 292; (5) tortiously interfered with Buzmatics's business relationships; (6) engaged in abuse of process; and (7) engaged in unfair competition. Proportion-Air, Inc. v. Buzmatics, Inc., No. IP93-642C (S.D.Ind. June 29, 1994). We affirm the part of the district court's decision that relates to Proportion's claims and vacate and remand for further proceedings the part of the decision that relates to Buzmatics's counterclaims.
 
 
 2
 * Patent claim construction is a question of law, which we review de novo. Markman v. Westview Instruments, Inc., No. 92-1049, slip op. at 36 (Fed.Cir. Apr. 5, 1995). The issue of comparing the properly construed claims with the allegedly infringing structure is a matter of fact, which we review for clear error. SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1125 (Fed.Cir.1985). Because there is no error in the court's claim interpretation and no clear error in the court's infringement analysis, the judgment in favor of Buzmatics on the issue of noninfringement is affirmed.
 
 II
 
 3
 The standard of review for the determination of the existence of a fiduciary relationship is clear error. Clayton v. James B. Clow & Sons, 327 F.2d 382, 389-90 (7th Cir.1964).
 
 
 4
 The district court found that Lewis and Reeves transferred their Proportion stock into a voting trust pursuant to Indiana Code Sec. 23-2-31-1 and that, as a result, Lewis and Reeves were no longer Proportion shareholders and not subject to any fiduciary duties to Proportion. There being no clear error, the holding of no fiduciary duty is affirmed.
 
 III
 
 5
 The trade secret laws of Indiana apply. Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1001-02 (1984). Under Indiana law, we review the determination of the existence of a trade secret for clear error. Amoco Prod. Co. v. Laird, 622 N.E.2d 912, 915 (Ind.1993).
 
 
 6
 The district court found that Lewis and Reeves had not misappropriated any trade secrets or confidential information owned by Proportion. There being no clear error, the holding of no misappropriation by Lewis and Reeves is affirmed.
 
 IV
 
 7
 The district court found that Proportion engaged in attempted monopolization in violation of Section 2 of the Sherman Act based upon Proportion's suit against Buzmatics, Lewis and Reeves; Proportion's suit against Doig Corporation; Proportion's violation of section 292; and Proportion's misappropriation of trade secrets. The district court also found that Proportion tortiously interfered with Buzmatics's business relationships, engaged in abuse of process and engaged in unfair competition. Each of these four findings depends upon a legal assessment of the litigation brought and continued by Proportion against Buzmatics.
 
 
 8
 Proportion invokes the Noerr-Pennington antitrust liability immunity doctrine as a defense against the antitrust, tortious interference, abuse of process and unfair competition counterclaims. Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961); United Mine Workers of Am. v. Pennington, 381 U.S. 657 (1965). According to Proportion, its legal actions against Buzmatics and others are not shams and, hence, under Noerr-Pennington, cannot be evidence of an antitrust violation or other unlawful behavior.
 
 
 9
 The Supreme Court, in Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 113 S.Ct. 1920, 1928 (1993), outlined a two-part definition of sham litigation: Only if the litigation is shown to be objectively meritless may a court proceed to examine the litigant's subjective motivation to ascertain if the litigation is a sham merely masking illegal behavior. If the litigation is not objectively baseless, it cannot be deemed a sham regardless of the subjective intent involved in bringing the litigation. "[A]n objectively reasonable effort to litigate cannot be sham regardless of subjective intent." Professional Real Estate, 113 S.Ct. at 1926. Absent analysis by the district court of the first prong of the test, we are unable to review the Noerr-Pennington defense issue. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) ("The reviewing court oversteps the bounds of its duty under Rule 52(a) if it undertakes to duplicate the role of the lower court.") In short, although the findings of fact and conclusions of law of the district court provide some focus on Proportion's subjective intent, a specific factual finding regarding the objective assessment of Proportion's suit, as brought, is lacking. We thus cannot be certain that the district court's rejection of Proportion's Noerr-Pennington defense is correct. The decision of the district court with respect to Proportion's antitrust liability is therefore vacated and remanded for proceedings in accordance with the teachings of Professional Real Estate. In addition, we note that the district court's focus on the element of subjective intent does not reveal the standard of evidentiary proof that the court may have used to measure that element. If the district court on remand reaches the issue of Proportion's subjective motivation, it must assess Proportion's conduct under the clear and convincing evidence test. Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 876 (Fed.Cir.1985).
 
 
 10
 Since the holdings on the tortious interference, abuse of process and unfair competition counts depend upon rejection of the Noerr-Pennington defense, we vacate those holdings as well, and remand them for reassessment along with the attempted monopolization count.
 
 V
 
 11
 The district court found that Proportion falsely marked the '758 patent on those of its products having Clippard valves in violation of 35 U.S.C. Sec. 292. Further, the district court found that Proportion violated Section 43(a) of the Lanham Act based on Proportion's patent mismarking and a warning letter sent by Proportion to Buzmatics's distributors.
 
 
 12
 Because the false marking statute is penal in nature and must be strictly construed, we vacate and remand for specific fact findings the holdings on the false marking and Lanham Act counterclaims, noting that an actual intent to deceive the public is required for a violation of section 292. We note that false patent marking under section 292 is not a per se violation of the Lanham Act. La Societe Anonyme des Parfums LeGalion v. Jean Patou, Inc., 495 F.2d 1265, 1270 n. 6 (2d Cir.1974). Moreover, damages under Section 43(a) cannot be awarded absent evidence of a likelihood of consumer deception. Hesmer Foods, Inc. v. Campbell Soup Co., 346 F.2d 356, 359 (7th Cir.), cert. denied, 382 U.S. 839 (1965).
 
 VI
 
 13
 The district court found that Proportion, acting through its authorized agent Daniel E. Cook, violated the UTSA (Indiana Code Sec. 24-2-3-1 et seq.) and Indianapolis Municipal Code Sec. 13-6 by removing records which had been placed in a trash dumpster. The UTSA definition of "trade secret" requires that the trade secret be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Indiana Code Sec. 24-2-3-2. The Indianapolis Municipal Code, section 13-6(a), states that:
 
 
 14
 It shall be unlawful for any person not an employee of the city ... to take ... any solid wastes from any premises or upon the streets or alleys of this city for the purpose of ... using said solid waste....
 
 
 15
 The record before us contains no support for the district court's finding that the dumpster was on private property when Cook removed records from it. Instead, the dumpster appears to have been in a public alley-like passage at some remove from Buzmatics's leased office space. In addition, the record discloses that Buzmatics had express policies for protecting trade secrets--policies that appear not to contemplate deposit of trade secrets in publicly accessible dumpsters.
 
 
 16
 Furthermore, we are not experts in Indiana, let alone, Indianapolis, law. Absent specific findings of fact related to particular evidence, and an explanation of the legal interrelationship between the UTSA provisions and the Indianapolis Code provisions, we cannot effectively review the district court's holding that Proportion violated those legal provisions. Accordingly, we vacate the trade secret and Lanham Act holdings.
 
 
 17
 The case is remanded for further proceedings consistent with this opinion.
 
 
 18
 No costs.