John L. IDING and John C. Albertson, d/b/a Sweden House Smorgasbord, Plaintiffs,

v.

Phil Manolis ANASTON, d/b/a Arlington Sweden House, Defendant, and Arlington Sweden House, Inc., Defendant.

No. 66 C 2354.

United States District Court
N. D. Illinois, E. D.

April 18, 1967.

**1016**

John D. Vosnos, Chicago, Ill., for plaintiffs.

Dean A. Olds, Hume, Groen, Clement & Hume, Chicago, Ill., for defendant.

## OPINION

WILL, District Judge.

This is an action for infringement of a common law service mark and for unfair competition. Plaintiffs are residents of Florida. The individual defendant is a resident of Illinois and the corporate defendant is an Illinois corporation doing business solely in Illinois. Defendants have moved to dismiss based upon the following grounds: (1) that plaintiffs are not the real parties in interest, (2) for want of diversity jurisdiction and (3) for failure to state a federal claim. In addition, the individual defendant has moved to dismiss on the ground that he is not a proper party to the action, but in light of our rulings on the other motions we do not reach this question.

Plaintiffs have alleged federal jurisdiction under 28 U.S.C. §§ 1332, 1338 (a), 1338(b) and 15 U.S.C. § 1125(a). We first turn to an examination of whether the real parties in interest are bringing this action and whether, as a result of our conclusion on the question of proper parties there is diversity jurisdiction present here pursuant to § 1332.

Plaintiffs seek protection of their alleged service mark "Sweden House Smorgasbord." The facts alleged in the complaint and supplemented in the briefs indicate that although plaintiffs contend that as individuals they render restaurant services at two Illinois locations, in fact, two corporations, Sweden House, Inc. at Elgin, Illinois and Naperville Sweden House, Inc. at Naperville, Illinois, operate restaurants under the service mark "Sweden House Smorgasbord." Plaintiffs are 100% stockholders of the stock of the two corporations. There is no allegation that plaintiffs have licensed the mark to the two corporations or that the mark is used by them elsewhere. By use of the "d/b/a" designation plaintiffs have attempted to bring this case within the diversity jurisdiction of this court.

■ In the absence of any allegation that a license arrangement exists or that the corporations are mere shells, use of the "d/b/a" designation is misleading and inappropriate. The two corporations are actively conducting the businesses operated in Illinois. In short, they and not the individuals are the real parties in interest, Rule 17 F.R.Civ.P. Moreover, there is no allegation that the corporations are unable to bring suit to protect the common law service mark under which they conduct business. We conclude, therefore, that plaintiffs as individuals are not doing business as "Sweden House Smorgasbord", but that, on the contrary, two Illinois corporations are and in connection therewith use the mark alleged to be infringed solely in Illinois.

Rule 17 provides that before dismissal on the ground of improper parties, a reasonable time be allowed for the real parties in interest to prosecute the action. Here, however, unless a federal claim is stated, no purpose would be served in having the corporations become the plaintiffs since at that point there would be no diversity between them and the individual and corporate defendants.

As a consequence of the foregoing, the status of the case in this court depends on whether any federal claim upon which relief can be granted, Rule 12(b)(6), F.R.Civ.P., has been alleged in the complaint. For the reasons stated herein, we hold that plaintiffs have failed to allege a claim under the trademark laws of the United States, and that, therefore, the case should be dismissed.

■ Plaintiffs have alleged that this action is within the trademark laws of the United States. In this connection, it should first be noted that there is no allegation that they are bringing suit under a registered trademark. Plaintiffs must therefore contend that § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) [1] contains the basis for a federal unfair competition action over which this court has jurisdiction.[2] Whether this substantive section is properly described as a new statutory tort of unfair competition or whether it should be labeled as a "false advertising" provision, see Glenn v. Advertising Publications, Inc., 251 F. Supp. 889, 902 (S.D.N.Y.1966), there is no doubt that a new federal remedy has

---

1. § 43(a) reads as follows:

"(a) Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

2. We note that plaintiffs have only asserted 28 U.S.C. § 1338(a) as a jurisdictional base for the § 43(a) claim. They have rejected the jurisdictional section of the Lanham Act itself, namely § 39, 15 U.S.C. § 1121. Whether either or both sections are used is immaterial since the ultimate determination, under either, is whether they have stated a claim under § 43(a), the only substantive provision upon which plaintiffs rely. The text of the two jurisdictional sections is herein supplied. § 39 reads as follows:

"The district and territorial courts of the United States shall have original jurisdiction and the courts of appeal of the United States shall have appellate jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

§ 1338(a) reads as follows:

"(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

been created, subject to certain express limitations, which does not require ownership of a United States registration. L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 214 F.2d 649 (3 Cir. 1954); General Pool Corporation v. Hallmark Pool Corporation, 259 F.Supp. 383, 386 (N.D. Ill.1966).

It is unnecessary to consider the entire scope of § 43(a) in connection with this lawsuit. Suffice it to say, however, that Congress, in including this section in the Lanham Act, undoubtedly intended to fashion a new remedy "against a particular kind of unfair competition— namely, the use of a false designation of origin." Bogene, Inc. v. Whit-Mor Manufacturing Co., 253 F.Supp. 126, 127 (S.D.N.Y.1966), American Rolex Watch Corp. v. Jack Laufer & Jan Voort, Inc., 176 F.Supp. 858, 861 (E.D.N.Y. 1959), and see Callman, False Advertising As A Competitive Tort, 48 Col.L. Rev. 876, 886 (1948).

The threshold question before the court is whether the complaint alleges facts which meet the requirements of § 43(a), i. e., whether goods or services have been caused "to enter into commerce" with a false description or designation of origin. An examination of the complaint shows that nowhere do plaintiffs allege that the service mark or any variation thereof used by defendants have been utilized in interstate commerce. In fact, the complaint indicates all business activities of the plaintiff and defendant corporations are wholly local and intrastate in nature. Moreover, there is no allegation of any tangential effect on interstate commerce.

■ The interstate commerce requirement in § 43(a) is of such importance that failure to allege this element is, of itself, cause for dismissal for failure to state a claim. Plaintiffs, however, take the position that interstate commerce need not be alleged since diversity jurisdiction is present. We have already indicated that, given the proper parties, diversity would not exist between plaintiffs and defendants, but, more importantly, we note that plaintiffs' argument is in error. Irrespective of whether diversity is present or not, a claim under a specific federal statute is only stated when the requirements of that statute are met. Diversity would be one way of bringing this case into a federal court, but then only on a state claim. Pendent jurisdiction over a state claim, absent diversity, is possible, pursuant to § 1338(b), but only when the state claim is related to an independent and substantial federal claim.[3] We thus return to the question of whether a claim under § 43(a) is alleged.

■ Although Congress in enacting the Lanham Act created a new federal remedy relating to the common law tort of unfair competition, it did not intend to make the federal courts repositories of all common law unfair competition actions. Plaintiffs, in effect, would place this construction upon § 43(a). While some of the early cases construing § 43(a) limited its application, e. g., American Automobile Association v. Spiegel, 205 F.2d 771 (2 Cir. 1953), it is now clear that a broad interpretation has been afforded by the courts. Nevertheless we know of no case where a court has found § 43(a) applicable under allegations detailing solely intrastate business activities relating to the goods or services and without any allegation of an economic effect of the use of the mark on interstate commerce. In Burger King of Florida, Inc. v. Brewer, 244 F. Supp. 293 (W.D.Tenn.1965), § 43(a) was held applicable where a local drive-in restaurant chain used a service mark similar to that of another drive-in chain. The latter chain, however, was doing business throughout the southeastern United States. The court concluded that "A purely intrastate business (referring to the local chain) is in interstate commerce for purposes of Sec. 43(a) of the Lanham Act if it has a substantial economic effect on interstate commerce. 244 F.Supp. at page 298. See also,

3. See, infra, p. 1019.

Stauffer v. Exley, 184 F.2d 962 (9 Cir. 1950) and Pagliero v. Wallace China, 198 F.2d 339 (9 Cir. 1952). Nor is there any allegation here that advertising placed either party or the service mark in interstate commerce. Tiffany & Co. v. Boston Club, Inc., 231 F.Supp. 836 (D.C.Mass.1964).

■ Though infringement of a common law service mark is cognizable under § 43(a), it is only so where the mark or goods are in some way caused to enter into interstate commerce. In the instant case, each of the three restaurants are run locally, and plaintiffs specifically allege that services have only been rendered under the mark in Illinois. Were we to hold that § 43(a) embraces a claim such as this, every common law infringement and unfair competition action could be brought in a federal court notwithstanding the fact that such actions have long been within the jurisdiction of state courts and are so today. Such an intrusion by the federal courts is both unwarranted and unnecessary and was not, nor could it constitutionally have been, intended by the Congress. We conclude that plaintiffs have failed to state a claim under § 43 (a).

■ It appears that, consistent with Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), dismissal of the asserted § 43(a) claim is "a judgment on the merits and not a dismissal for want of jurisdiction." 327 U.S. at 682, 66 S.Ct. at 776. Plaintiffs have, therefore, raised the question of this court's power to exercise pendent jurisdiction, pursuant to 28 U.S.C. § 1338 (b)[4] over the state claims alleged in the complaint. We hold that the exercise of pendent jurisdiction, under the facts of this case, is neither proper under § 1338(b) nor under the general concepts of pendent jurisdiction. Application of § 1338(b) requires a state claim which is "joined with a substantial and related claim under the copyright, patent or trade-mark laws." The claim alleged under § 43(a) is merely an attempt to bring what is essentially a state unfair competition claim within the purview of a federal provision requiring allegations that the service mark is in interstate commerce. The absence of any indication or allegation of the introduction of the mark in interstate commerce requires the conclusion that no substantial federal claim has been stated to which a related state claim could be appended pursuant to § 1338(b). That section is inapplicable to this case.

■ Similarly, under the general concept of pendent jurisdiction, exercise of the power "is a doctrine of discretion, not of plaintiff's right." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The Court there went on to say that "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 383 U.S. at page 726, 86 S.Ct. at page 1139.

An appropriate order will enter dismissing the complaint for failure to state a federal statutory claim upon which relief can be granted. Accordingly, we also decline to exercise pendent jurisdiction over the state claims. In addition, the proper parties have not prosecuted this action, but substitution would, in any event, result in the absence of federal diversity jurisdiction as an independent basis for a state claim.

---

4. § 1338(b) reads as follows:
  "(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."