**Rex APPLEGATE, Plaintiff,**

v.

**TOP ASSOCIATES, INC., et al.,
Defendants.**

**No. 68 Civil 5019.**

United States District Court
S. D. New York.

May 28, 1969.

---

Raymond Rubin, New York City, for plaintiff.

Townsend & Lewis, New York City, for defendants Top Associates, Inc. and Theodore O. Prounis, Edmund T. Delaney, New York City, of counsel.

EDWARD WEINFELD, District Judge.

Plaintiff, alleging he was married to Adela Allen Applegate in July, 1953, at Mexico City, Mexico, of which marriage there are two infant children, commenced this action to recover one million dollars. The complaint charges the defendants, Top Associates, Inc., its then president, Theodore O. Prounis, two other named individuals, and eight nameless defendants consisting of an assortment of "Does" with conspiracy to kidnap plaintiff's wife and children unless he agreed to "cease and desist from performing certain acts," the nature of which are not stated; the complaint further alleges that because plaintiff refused to cease and desist from performing the undisclosed acts, the various "Does," with the aid and assistance of the named defendants and eight various "Roes," in April, 1960, kidnapped the wife and children and have detained them and prevented him from enjoying their company.

The defendants Top Associates and Prounis move to dismiss the complaint pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted on the grounds that (1) section 80-a of the New York Civil Rights Law, McKinney's Consol.Laws, art. 8, abolishes actions for alienation of affection; (2) the action is barred by the applicable statute of limitations; and (3) it is also barred by a divorce decree entered on June 28, 1960, dissolving the marriage of plaintiff and his wife and awarding custody of the children to the wife. The defendants and the plaintiff having submitted affidavits in support of and in opposition to the motion, it is also treated as one for summary judgment.

It is unnecessary to consider separately the defendants' grounds for dismissal under Rule 12(b) (6), since the Court is satisfied that plaintiff's claim is without evidential support and that he has failed to set forth specific facts showing there is a genuine issue for trial; accordingly, summary judgment is granted under Rule 56 dismissing the complaint.

Plaintiff's vague allegation of the alleged conspiracy to kidnap his wife and children unless he agreed to cease and desist from performing certain acts is rendered even more vague by the statement in his opposing affidavit that because of national security reasons he does not desire to specify the nature of those acts. However, this is no response to the specific allegations contained in the moving affidavits, which challenge plaintiff's basic claim that there was an agreement to kidnap his wife and children and that in fact they were kidnapped. A mystery has a place in fiction; it has no place in law.

The movants categorically deny any illicit agreement, as plaintiff alleges, or the kidnapping. To be sure, the mere denial may not suffice. But plaintiff has not submitted an iota of evidence in response to support his charges; in effect he rests upon the mere allegations in his pleading, which is an insufficient response under Rule 56.

But more important than the categorical denial of the defendants and the plaintiff's failure to offer any evidentiary matter to show there is a genuine issue of fact with respect to his charges, the wife (since divorced) affirmatively swears that "at no time since approximately April 5, 1960, have any of the Defendants named in this action * * * or any other human beings, or agencies or associations of human beings, kidnaped, controlled the movements of, or in any way interfered with the travels, communications, or life of Affiant"; she further avers that at no time has any defendant or any other person conspired with her to kidnap her

or her children to bring about her disappearance. Corroborative affidavits are submitted by her mother and her brother. The former wife alleges that her marriage to plaintiff was terminated by a decree of divorce entered June 28, 1960, in an action commenced by her in the State of Nevada; that the action was commenced by her because of plaintiff's extreme physical cruelty, habitual intemperance, consistent financial irresponsibility and long-continued indignities visited upon her and her children by plaintiff during the last few years of their seven-year marriage. Also submitted is a certified copy of the judgment entered in that action under which the wife was awarded custody of the children.

■ Prior to the filing of the wife's affidavit, the plaintiff alleged that he *"believes* that his wife never brought the action in Nevada" (emphasis supplied).[1] But when her affidavit, referred to above, was submitted, plaintiff states he "believes" her signature thereon is a "forgery." He has not submitted a scintilla of evidence to meet his former wife's unequivocal denial that she or the children were ever kidnapped or under restraint. Plaintiff's "belief"

that his wife's affidavit is a forgery merits no other comment than a reference to Chief Judge Learned Hand's observation in a somewhat parallel situation: "The original may have been forged; the authentication may be false * * *. But if a motion for summary judgment is to have any office whatever, it is to put an end to such frivolous possibilities when they are the only answer."[2] As this Court has stated, Rule 56 of the Federal Rules of Civil Procedure has not been rendered so sterile that a trial must be granted upon a claim which the papers show has no factual basis.[3] To require this case to go to trial in the absence of a scintilla of proof to support plaintiff's claim would makes a shambles of Rule 56.[4] Of course, the Court recognizes that summary judgment is not a substitute for a trial where there is a genuine issue of fact,[5] but this is one of those lawsuits where "a trial would be farcical."[6]

■ Apart from lack of merit, plaintiff's complaint must also be dismissed because of the joinder of unknown or fictitious persons "Doe" and "Roe" as defendants. Plaintiff alleges diversity jurisdiction, and accordingly such joinder of unknown persons is improper.[7]

---

1. Although the plaintiff, in the face of proof by the person who served process upon him, and also an affidavit by a friend who swears that plaintiff admitted he was served in the action, denies he was served, this issue is irrelevant in the light of plaintiff's basic charge.

2. De Luca v. Atlantic Refining Co., 176 F.2d 421, 423 (2d Cir. 1949), cert. denied, 338 U.S. 943, 70 S.Ct. 423, 94 L.Ed. 581 (1950).

3. Morgan v. Sylvester, 125 F.Supp. 380, 390 (S.D.N.Y.1954), aff'd per curiam, 220 F.2d 758 (2d Cir.), cert. denied, 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768 (1955); cf. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288–90, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); Automatic Radio Mfg. Co. v. Hazeltine Research, Inc., 339 U.S. 827, 831, 70 S.Ct. 894, 94 L.Ed. 1312 (1950); Union Ins. Soc. of Canton, Ltd. v. William Gluckin & Co., 353 F.2d 946,

952 (2d Cir. 1965); Dressler v. The MV Sandpiper, 331 F.2d 130, 132–33 (2d Cir. 1964).

4. Cf. Morgan v. Sylvester, 125 F.Supp. 380, 390 (S.D.N.Y.1954), aff'd per curiam, 220 F.2d 758 (2d Cir.), cert. denied, 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768 (1955). See also Perma Research and Development Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. Apr. 25, 1969); Community of Roquefort v. William Faehndrich, Inc., 303 F.2d 494, 498 (2d Cir. 1962). Accord: Dressler v. The MV Sandpiper, 331 F.2d 130, 134 (2d Cir. 1964).

5. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944).

6. Arnstein v. Porter, 154 F.2d 464, 470 (2d Cir. 1946).

7. Molnar v. NBC, 231 F.2d 684 (9th Cir. 1956); 2A Moore's Federal Practice, ¶ 8.10 at 1664–65 (1968 ed.).