**APOLLO DISTRIBUTING COMPANY, a corporation of New Jersey, Plaintiff,**

v.

**APOLLO IMPORTS INC., a corporation of New York, Defendant.**

**No. 71 Civ. 1718.**

United States District Court, S. D. New York.

March 30, 1972.

**456**

Howard Miskin, New York City, for plaintiff; Leiner, David & Littenberg, Newark, N. J., of counsel.

Norman Bluestone, Brooklyn, N. Y., for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, a New Jersey corporation, which for more than fifty years has sold, distributed and serviced various household appliances under the trade name "Apollo", commenced this action to enjoin the defendant, a New York corporation, from using the name in the sale and distribution of radios, walkie-talkies, tape recorders and similar products. The complaint alleges three separate claims: trademark infringement, unfair competition and false designation of origin of goods. Jurisdiction is invoked under section 39 of the Lanham Act[1] and by reason of diversity of citizenship;[2] pen-

dent jurisdiction is alleged as to the unfair competition claim.[3]

Plaintiff moves for summary judgment (1) declaring that its name "Apollo" is valid for the sale, distribution and servicing of appliances; (2) that the defendant has infringed upon its rights in the use of the name "Apollo" in the sale and distribution of appliances, and thereby has unfairly competed with and injured plaintiffs; and (3) permanently enjoining the defendant from using the name "Apollo".

The defendant has offered no challenge to plaintiff's factual allegations and proof in support of its motion for summary judgment. Other than an unverified answer,[4] which formally denies the material allegations of the complaint, the defendant has not countered the evidential proof and exhibits submitted by plaintiff; its opposition consists of contentions advanced by its counsel upon the hearing of this motion. In the absence of opposing affidavits by the defendant, the material factual allegations by plaintiff are deemed admitted; indeed, the proof offered in support thereof warrants their acceptance as true. Thus, the issue is whether, upon the established facts, plaintiff is entitled to judgment as a matter of law.[5]

Plaintiff, since 1920, has used the trade name and trademark "Apollo" in its business of selling, distributing and servicing products of manufacturers, including radios, televisions, stereo sets, tape recorders, phonographs, air conditioners, ranges, refrigerators, dishwashers and other household appliances. The volume of its business runs into many millions of dollars annually. Its expenditures through the years for

---

1. 15 U.S.C. § 1121.

2. 28 U.S.C. § 1332.

3. 28 U.S.C. § 1338(b).

4. The answer was neither signed by the attorney, as required by Rule 11, nor filed, as required by Rule 5(d) of the Federal Rules of Civil Procedure.

5. *See* Miller v. Western Bd. of Adjusters, Inc., 427 F.2d 175 (9th Cir. 1970); Mor-

rison v. Walker, 404 F.2d 1046 (9th Cir. 1968); cf. Hirsch v. Archer-Daniels-Midland Co., 258 F.2d 44 (2d Cir. 1958); Applegate v. Top Associates, Inc., 300 F. Supp. 51 (S.D.N.Y.1969), aff'd, 425 F.2d 92 (2d Cir. 1970). *See also* 3 W. Barron & A. Holtzoff, Federal Practice and Procedure, § 1235 at 146–47 (1958) and cases cited therein.

advertising and promotional purposes, including trade show exhibitions, have been in the millions of dollars; all such promotional activities featured the name "Apollo". It has distributed under that name the appliances of well–known manufacturers throughout the greater New York-New Jersey metropolitan area, including most of northern New Jersey, Manhattan, Bronx, Queens, Kings, Richmond, Nassau, Suffolk, Westchester, Orange and Rockland Counties. Its stationery, letterheads, invoices, bills of lading and purchase orders prominently display the name "Apollo". The evidence establishes that over the years the name "Apollo" has become identified in the public mind with the plaintiff when used in the sale, distribution and servicing of radios, televisions, tape recorders, home appliances and similar products. Purchasers of such products are advised to, and frequently, contact plaintiff at its headquarters in Cranford, New Jersey, for the servicing of the various products it sells and distributes.

The record here presented supports plaintiff's claim that as a result of its expenditures for advertising, trade shows and other promotional activities, as well as its relationship to purchasers of its distributed products, it has built up a valuable good will and "the name Apollo was and continues to be . . . one of [its] most important assets in that it identifies [the] organization, stands as a symbol for quality of product and service and has generated the substantial and valuable good will which continues to make [it] a growing company." Quality of its workmanship is attested to by an Army-Navy E award in 1945 for performance and achievement.

As far as the record reveals, until the defendant did so in 1969, no company other than the plaintiff has used the name or mark "Apollo" in the distribution of the type of merchandise it distributes in the area described above. The defendant is a distributor of radios, walkie-talkies, tape recorders and other products which it sells from a street store in New York City to retailers or peddlers who, in turn, sell to ultimate consumers. Initially, the defendant engaged in business in the name of Wilson Company, but in 1969 incorporated under the name of Apollo Imports Inc. and has since been distributing products under that name. The defendant is a latecomer in its use by forty-nine years after plaintiff first adopted the name. The sole explanation for the switch from its former name is that it was adopted upon the suggestion of a seven-year old son of one of its two stockholders, brothers, because of the Apollo's successful flight to the moon. Apart from sales by defendant under the name Apollo Imports Inc. of the same products sold and distributed by plaintiff, the defendant in 1970 published and distributed a catalogue advertising such products under the designation "Apollo", as well as its full corporate title. When plaintiff learned of defendant's use of "Apollo", it promptly made demand for its discontinuance, but the defendant refused, and as a result this action was commenced.

Upon oral argument of this motion, the defendant's attorney stated (1) that the defendant used the name "Apollo" only in connection with the incorporation of its business in 1969 in succession to Wilson Company; (2) that it was not listed in the telephone directory under the name "Apollo"; (3) that it did not compete with plaintiff; and (4) that the name is used by numerous other businesses. While argument of counsel is no substitute for evidence, slight inquiry reveals that these assertions are of no substance.

■ The first of these claims is belied by the catalogue issued by the defendant; the second, by an examination of the current Manhattan directory; the third, by defendant's deposition by its president, who swore readiness to sell "all over [the United States]"; and the fourth is without evidential support. It is significant that defendant has failed to test the facts alleged by plaintiff in support of its case by the use of pretrial

discovery procedures.[6] Plaintiff has abundantly established the use of the trade name and mark "Apollo" for the sale, distribution and servicing of the enumerated electrical products and household appliances over the period claimed by it. Section 43(a) of the Lanham Act [7] created a new federal cause of action for false representation as to the origin of goods [8] where commerce is thereby affected.[9] Registration of a mark is not a prerequisite for protection under that section.[10]

The defendant's use of "Apollo" with regard to merchandise it sells and distributes is a false designation or false representation likely to cause confusion or to deceive purchasers that plaintiff is the source of origin of such merchandise, and plaintiff, under section 43(a) of the Lanham Act, as one who "is or is likely to be damaged," is entitled to relief. Under the statute, no intent to deceive or pass off one's goods as another's need be shown on the part of the defendant. As our Court of Appeals recently put it, "[p]assing off does not exhaust the full reach of Section 43(a)." [11] It is sufficient that the public may be deceived.[12]

While no instances of confusion have been presented, this is not required, since the test is likelihood of such confusion. Some of the products sold by the defendant are the same as those included in plaintiff's larger line of merchandise; the defendant's sales are made within the larger area where plaintiff's products are sold and distributed in interstate commerce.[13] The likelihood of confusion, because of the identity of names under which similar products are sold is great; and if the defendant is permitted to continue the use of the name and expands its activities, the likelihood of confusion and deception will increase. That defendant is, as his counsel described it, a small dealer does not diminish the likelihood that the consuming public may be misled as to the origin of the goods; small or large, its use of "Apollo" represents an incipient and continued threat of injury

6. *See* Schneider v. McKesson & Robbins, 254 F.2d 827, 831 (2d Cir. 1958).

7. 15 U.S.C. § 1125(a).

8. Colligan v. Activities Club, Ltd., 442 F.2d 686, 691 (2d Cir.), cert. denied, 404 U.S. 1004, 92 S.Ct. 559, 30 L.Ed.2d 557 (1971); Alum-A-Fold Shutter Corp. v. Folding Shutter Corp., 441 F.2d 556 (5th Cir. 1971); L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 214 F.2d 649 (3d Cir. 1954); Mutation Mink Breeders Ass'n v. Lou Nierenberg Corp., 23 F.R.D. 155, 161 (S.D.N.Y.1959); Gold Seal Co. v. Weeks, 129 F.Supp. 928, 940 (D.D.C. 1955), aff'd sub nom., S. C. Johnson v. Gold Seal Co., 97 U.S.App.D.C. 282, 230 F.2d 832, cert. denied, 352 U.S. 829, 77 S.Ct. 41, 1 L.Ed.2d 50 (1956).

9 Burger King, Inc. v. Brewer, 244 F.Supp. 293, 297–298 (W.D.Tenn.1965); *cf.* Franchised Stores, Inc. v. Winter, 394 F. 2d 664, 669–670 (2d Cir. 1968); Dawn Donut Co. v. Hart's Food Stores, Inc., 267 F.2d 358, 365 (2d Cir. 1959); Pure Foods, Inc. v. Minute Maid Corp., 214 F. 2d 792, 795–796 (5th Cir. 1954); Stauffer v. Exley, 184 F.2d 962, 967 (9th Cir. 1950); Tiffany & Co. v. Boston Club, Inc., 231 F.Supp. 836, 841 (D.Mass. 1964).

10. Mortellito v. Nina of Cal., Inc., 335 F. Supp. 1288, 1294 (S.D.N.Y.1972); Florida v. Real Juices, Inc., 330 F.Supp. 428, 430–431 (M.D.Fla.1971); N. S. Meyer v. Ira Green, Inc., 326 F.Supp. 338, 340–341 (S.D.N.Y.1971); Iding v. Anaston, 266 F.Supp. 1015, 1017–1018 (N.D.Ill.1967).

11. Sutton Cosmetics (P.R.) Inc. v. Lander, 455 F.2d 285 (2d Cir. 1972). *See also* Parkway Baking Co. v. Freihofer Baking Co., 255 F.2d 641 (3d Cir. 1958); California Apparel Creators v. Wieder of Cal., 162 F.2d 893, 900 n. 12 (2d Cir. 1947).

12. Hesmer Foods, Inc. v. Campbell Soup Co., 346 F.2d 356, 359 (6th Cir.), cert. denied, 382 U.S. 839, 86 S.Ct. 89, 15 L.Ed. 2d 81 (1965); Societe Comptoir De L'Industrie Contonniere Establissements Boussac v. Alexander's Dep't Stores, Inc., 299 F.2d 33, 36 (2d Cir. 1962); Girl Scouts v. Personality Posters Mfg. Co., 304 F. Supp. 1228, 1231 (S.D.N.Y.1969); Geisel v. Poynter Prods., Inc., 283 F.Supp. 261, 267 (S.D.N.Y.1968); General Pool Corp. v. Hallmark Pool Corp., 259 F. Supp. 383, 386 (N.D.Ill.1966).

13. Defendant's products, according to its deposition by its president, are distributed throughout the United States, although this seems to be somewhat exaggerated.

to the public and to the plaintiff that should be nipped in the bud.[14]

■ Upon substantially the same facts, the plaintiff has also established its right to relief under its claim of unfair competition. The explanation for the sudden adoption of "Apollo" and the abandonment of "Wilson" by defendant for the sale of products similar to those plaintiff has sold for more than fifty years is far from persuasive. Defendant's selection of a name long used by plaintiff, which name had become identified in the public mind with products distributed by plaintiff, strongly suggests and warrants a finding of defendant's deliberate purpose to capitalize on the good will plaintiff had built up over the years.[15] To permit defendant's continued use of "Apollo" would unfairly give it the benefit of plaintiff's well-established reputation and of its extensive and costly advertising campaign over the years.

As Judge Learned Hand said in Yale Electric Corp. v. Robertson:[16]

" . . . If another uses [one's trademark], he borrows the owner's reputation, whose quality no longer lies within his own control. This is an injury . . . . [U]nless the borrower's use is so foreign to the owner's as to insure against any identification of the two, it is unlawful."

This is a case of unlawful use of another's name and reputation, and plaintiff is entitled to relief.

Although the complaint included a demand for an accounting to determine damages, it has been withdrawn on this motion for summary judgment; thus, it can be said that plaintiff "is not here seeking . . . damages, nor is it striving to drive [defendant] out of business. It asks merely that its adversar[y] be compelled to desist from an unfair trade practice that threatens to 'nibble away', 'whittle away', or 'dilute' the value of its dearly-bought prestige. . . . It prays not for a sword, but for a shield."[17]

The motion for summary judgment is granted. Submit decree in accordance with the foregoing.

---

14. *Cf.* Stork Restaurant, Inc. v. Sahati, 166 F.2d 348 (9th Cir. 1948).

15. *Cf.* Miles Shoes, Inc. v. R. H. Macy & Co., 199 F.2d 602 (2d Cir. 1952), cert. denied, 354 U.S. 909, 73 S.Ct. 650, 97 L.Ed. 1345 (1953) ; Thomson Industries, Inc. v. Nippon Thompson Co., 298 F.Supp. 466, 478 (E.D.N.Y.1968).

16. 26 F.2d 972, 974 (2d Cir. 1928).

17. Stork Restaurant, Inc. v. Sahati, 166 F. 2d 348, 364 (9th Cir. 1948).