CBS, INC. and Charles
Allen Rich

v.

**GUSTO RECORDS, INC.**

**No. 74–473–NA–CV.**

United States District Court,
M. D. Tennessee,
Nashville Division.

Nov. 19, 1974.

———◆———

Val Sanford, Gullett, Steele, Sanford, Robinson & Merritt, Nashville, Tenn., Hal Gerber, Gerber, Bernstein, Gerber & Winestone, Memphis, Tenn., for plaintiffs.

Grant W. Smith, Smith & Cantrell, Nashville, Tenn., Claude Hanks, Clayton, Mo., for defendant.

## MEMORANDUM

MORTON, District Judge.

This is an action by plaintiffs CBS, Inc. and Charles Allen Rich (professionally known as Charlie Rich) against

448

Gusto Records, Inc. Plaintiffs seek a preliminary injunction against defendant corporation pursuant to Rule 65 of the Federal Rules of Civil Procedure, pending a trial of their cause against defendant.

Plaintiffs would have this court issue a preliminary injunction enjoining the defendant, Gusto Records, Inc., its officers, agents, servants and employees and all persons acting in concert with it, from manufacturing, advertising, distributing, selling, or offering for sale, recordings, whether phonograph record albums or tape recordings, entitled "Charlie Rich—The Silver Fox," or bearing a current likeness of the plaintiff Rich. Plaintiffs allege that such an injunction will prevent irreparable injury to them.

Plaintiffs' pending cause of action is brought pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); jurisdiction is conferred upon this court by 15 U.S.C. § 1121. In their complaint, plaintiffs charge defendant Gusto Records, Inc. with unauthorized, unfair and deceptive practices in connection with the manufacture, distribution and sale of a record album entitled "Charlie Rich —The Silver Fox."

Plaintiff Rich is currently under contract to CBS, Inc., which is planning to release a record album which is also entitled "Charlie Rich—The Silver Fox." Plaintiffs allege that defendant's record will interfere with the sales of the CBS album, and that the misrepresentations of the defendant as to the contents of the Gusto album will irreparably injure Mr. Rich's reputation and popularity as a recording star.

■ At the outset, this court must determine whether the Gusto album, "Charlie Rich—The Silver Fox," which is marketed under the "Power Pak" label, is packaged in such a way as to be violative of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. § 1125 provides in part:

"(a) Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods . . . any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce . . . shall be liable to a civil action . . . by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

Cases have held that this section of the Lanham Act creates a federal statutory tort *sui generis*, and that it is not necessary for the plaintiff to show that misrepresentation was willful or intentional. *Gold Seal Company v. Weeks*, 129 F.Supp. 928, aff'd, 97 U.S.App.D.C. 282, 230 F.2d 832 (1955), cert. den., 352 U.S. 829, 77 S.Ct. 41, 1 L.Ed.2d 50 (1956); *Apollo Distributing Co. v. Apollo Imports Inc.*, 341 F.Supp. 455 (S.D.N.Y.1972). In seeking injunctive relief, it is not necessary that plaintiff show that the public has actually been deceived; the likelihood of deception and confusion is sufficient. *Parkway Baking Co. v. Freihofer Baking Co.*, 255 F.2d 641 (3rd Cir. 1958); *Geisel v. Poynter Products, Inc.*, 283 F.Supp. 261 (S.D.N.Y.1968).

■ The question before this court, then, is whether the Gusto album "Charlie Rich—The Silver Fox" is packaged in such a way that there is a likelihood that the public will be misled and confused as to its true contents. This court finds the album cover to be misleading and deceptive, in violation of Section 43(a) of the Lanham Act.

The recordings on the Gusto "Power Pak" album, "Charlie Rich—The Silver Fox" are primarily songs which were recorded by Mr. Rich some ten to fifteen years ago, prior to his current fame and success. Mr. Rich's singing style at that time was considerably different from his style of today, and technology in the industry was not as advanced as it is today. The songs in question were originally recorded monaurally; defendant has "overdubbed" the originals in order to create a stereo

effect. There is some dispute as to whether the album qualifies as a true stereo album, although it is labeled "Stereo" on the back of the jacket cover. Prominently displayed on the front cover is a current picture of Mr. Rich, which creates the impression that the recordings have been made recently. This impression is strengthened by the use of the nickname "The Silver Fox" in conjunction with Mr. Rich, the nickname being of fairly recent origin. The names of the songs contained in the album are also listed on the front cover, but no recording date is given. The only date given is that on the back cover of the jacket, and it is 1974.

Totally absent from either side of the cover is any information which would inform the consumer that the recordings contained in the album were recorded over a decade ago. Even if the consumer were an unusually informed country music fan and knew when the songs were originally recorded by Mr. Rich, he would have no way of knowing that they had not been re-recorded by the now successful Mr. Rich, in keeping with his current style. In fact, the impression conveyed is to the contrary. The record albums are sealed, and an expert witness testified at the hearing that a customer has no way of hearing the record prior to purchase in the usual retail situation.

For the foregoing reasons, this court can only conclude that the packaging tends to falsely describe the contents of the record album, in violation of Section 43(a) of the Lanham Act.

We turn now to the question of irreparable damages, a prerequisite for injunctive relief. Defendant, Gusto Records, Inc. is attempting to market at least 50,000 copies of the "Power Pak" album, "Charlie Rich—The Silver Fox." If these records are allowed to go on the market in their current jacket covers, there is little doubt that many consumers would be disappointed when they became aware of the contents of the album. It is highly possible that they might attribute the deception to Charlie Rich himself, or that they might think that Mr. Rich had changed his style of singing, if they were not aware that the recordings were made over a decade ago. The damage to Mr. Rich's reputation and popularity might well be considerable and irreparable.

Despite these findings, this court has serious reservations about granting the blanket injunction requested by the plaintiffs. The resulting financial harm to Gusto Records, Inc. would be considerable, and the exact damages difficult to ascertain, should the defendant prevail at the trial on the merits. Defendant, as a gesture of good faith and without admission of any liability, has offered to affix a decal to each of the albums in question, clarifying the contents of the album. The court has given this suggestion considerable thought, and has come to the conclusion that such an accurate statement of the album's contents, if affixed in a prominent location on the album jacket, would alleviate any irreparable harm which might be caused to plaintiffs by defendant's violation of Section 43(a) of the Lanham Act. The court considers the wording "Early Monaural Recordings of Charlie Rich, Adapted for Stereo" to be a reasonably accurate statement of the album's contents. A bright orange decal containing such language, printed in black ink, and with dimensions of at least three and one-half inches by one and one-half inches, will be affixed to each album cover directly over the photograph of Mr. Rich.

Finally, the court wishes to emphasize that its docket is available for hearing the trial of this cause on the merits at the earliest convenience of the plaintiffs. This availability has been an influencing factor in this court's decision today.

An order will be filed contemporaneously with this Memorandum, delineating the court's requirements concerning the wording, size and placement of the decals.