[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15406
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00707-JES-UAM


SYNERGY REAL ESTATE OF SW FLORIDA, INC.,
a dissolved Florida corporation,
GULF COAST MANAGMENT GROUP, LLC,
a Florida limited liability company,
LOUIS PFAFF,

                                        Plaintiffs - Appellants,


versus

PREMIER PROPERTY MANAGEMENT OF SW FLORIDA, LLC,
a Florida limited liability company,
n.k.a. P.O.M. Property Management, LLC,
MICHAEL DEPAOLA,
KRISTIN DEPAOLA,
CYNTHIA JONES,
JAMES JONES,

                                        Defendants - Appellees,

DEBORAH MCCABE,
NAPLES NEW VENTURES, LLC,
a Florida limited liability company,

                                                    Defendants.

                    _____

            Appeal from the United States District Court
                for the Middle District of Florida
                    _____

                        (August 28, 2014)

Before PRYOR, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

## I.

We first address Appellees' contention that Plaintiff Synergy lacks standing to bring this suit. We conclude that this contention is without merit. Appellees are correct in arguing that whether a dissolved corporation has standing to bring a suit in federal court is a matter of state law. *Gas Pump v. General Cinema Beverages*, 12 F.3d 181, 182 (11th Cir. 1994). But Florida law is clear that "Dissolution of a corporation does not . . . [p]revent commencement of a proceeding by or against the corporation in its corporate name." Fla. Stat. § 607.1405(2)(e) (2014). We conclude, however, that Plaintiff Pfaff lacks standing to pursue any of the claims in Count I or Count II because he alleges no injury to himself. We therefore dismiss his claim for lack of subject matter jurisdiction. *See Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted) (requiring injury-in-fact for a party to have standing to bring a suit).

## II.

Synergy Real Estate of SW Florida, Inc.; Gulf Coast Management Group, LLC; and Louis Pfaff (Plaintiffs) filed a nine-count complaint against Premier Property Management of SW Florida, LLC; Naples New Ventures, LLC; Deborah McCabe; Michael Depaola; Kristen Depaola; Cynthia Jones; and James Jones (Defendants).  (Doc. 1).  Count I and Count II were claims based on federal law. The other counts were based on state law.  Count I seeks to allege a violation of the Federal Anticybersquatting Consumer Protection Act (ACPA).   15 U.S.C. § 1125(d).  And Count II seeks to allege unfair trade practices in violation of the Lanham Act.  15 U.S.C. § 1125(a).

The district court labeled this first complaint a shotgun pleading and dismissed it without prejudice for insufficient pleading under Federal Rule of Civil Procedure 8.  (Doc. 35 at 3, 5).  Plaintiffs then filed their First Amended Complaint—dropping Naples New Ventures, LLC and Deborah McCabe as defendants.  (Doc. 37).  The district court then dismissed without prejudice the Plaintiffs' First Amended Complaint for failing to allege sufficient factual allegations under Fed. R. Civ. P. 8 and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. 50).  The district court found this with respect to both

3

Count I and Count II.  Since supplemental jurisdiction was the only basis for its jurisdiction over the state law claims, the district court exercised its discretion to decline to hear them.  (Doc. 50) (citing 28 U.S.C. § 1367(c)(3)).  The district court then made clear that it would only allow the Plaintiffs one more opportunity to amend their complaint.  (Doc. 50 at 7).  The Plaintiffs availed themselves of this opportunity and filed a Second Amended Complaint.  (Doc. 51).  For the final time, the district court dismissed Plaintiffs' complaint for failure to plead in accordance with Fed. R. Civ. P. 8 and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. 56).  It again declined to retain supplemental jurisdiction over the state law claims. (*Id.*).

The Plaintiffs now appeal.  The sole issue they present on appeal is whether the district court erred by ruling that Counts I and II of their Second Amended Complaint failed to state a claim under 15 U.S.C. § 1125.

## III.

We review de novo a district court's dismissal of a complaint for failure to state a claim, accepting the factual allegations as true and construing them in the light most favorable to the Plaintiffs.  *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of Fed. R. Civ. P. 8(a)(2) is to provide defendants with fair notice of

what claim is being alleged and the grounds upon which it rests. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (citations omitted). We have held that, under Fed. R. Civ. P. 8, a district court should give pleadings a liberal reading when addressing a motion to dismiss for failure to state claim, but the court is not permitted to serve as a "*de facto* counsel" and "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

The Supreme Court has said that to state a cause of action a plaintiff must provide more "than labels and conclusions, and [that] a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007) (internal citations omitted). But as the district court correctly pointed out, Plaintiffs do not assert even conclusory assertions that would be sufficient to state a claim. (Doc. 56 at 5–6).

In order to state a claim in Count I that Defendants violated the ACPA, the Plaintiffs needed to show, among other things, that the Defendants registered, or were the authorized licensee of the person who registered, a domain name. 15 U.S.C. § 1125(d)(1)(A). The district said that the Plaintiffs "still do not adequately plead that any of the [D]efendants registered the domain name or were the authorized licensee." (Doc. 56 at 5). In fact, as the district court noted, paragraph 21 of the Plaintiffs' Second Amended Complaint alleges that plaintiff Synergy was

the domain name registrant, (Doc. 51), defeating any claim the Plaintiffs sought to bring.

In order to state a claim in Count II that the Defendants engaged in unfair trade practices in violation of the Lanham Act, the Plaintiffs needed to make clear the type of unfair trade practices claim they were seeking to bring against the Defendants. The Lanham Act, 15 U.S.C. § 1125(a), sets forth two distinct claims of unfair trade practices: unfair competition under subsection 1125(a)(1)(A) and false advertising under subsection 1125(a)(1)(B). It is not clear from the Plaintiffs' Second Amended Complaint which type of claim they seek to bring. And it is not clear against which of the Defendants Plaintiffs seek to bring it. But in order to state either type of claim, Plaintiffs must allege that misleading representations of goods or services were "used in commerce."    15 U.S.C. § 1125(a)(1).    The Plaintiffs neither made this allegation nor pointed to any facts that support a claim that Defendants used in commerce misleading representations about goods or services. *See Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 838 (11th Cir. 1983) (citing *Iding v. Anaston*, 266 F. Supp. 1015, 1019 (N.D. Ill. 1967), for the proposition that "purely intrastate disputes do not fall within the commerce clause and therefore are not subject to the Lanham Act's regulation"); *see also Iding*, 716 F. Supp. at 1019 (stating that "The interstate commerce requirement . . . [of the Lanham Act] is of such importance that failure to allege this element is, of

6

itself, cause of dismissal for failure to state claim"). Because the Plaintiffs never alleged this element, they failed to state a claim in Count II.

The district court noted other problems with the Plaintiffs' Second Amended Complaint. We need not address those problems.

We dismiss Plaintiff Pfaff's claims in Counts I and II for lack of subject matter jurisdiction. The district court's dismissal of Plaintiff Synergy's claims in Counts I and II for failure to state a claim is affirmed.

**DISMISSED IN PART; AFFIRMED IN PART.**