466 F.2d 743
 Fed. Sec. L. Rep. P 93,607, 1972 Trade Cases P 74,158
ROBERT W.STARK, JR., INC., Robert
W. Stark, Jr., Plaintiffs-Appellants, and Kansas City
Securities Corporation, Plaintiff,
v.
NEW YORK STOCK EXCHANGE, INC. et al., Defendants-Appellees.
 No. 928, Docket 72-1810.
 United States Court of Appeals,
Second Circuit.
 Argued Aug. 14, 1972.
Decided Aug. 29, 1972.
 
 George D. Reycraft, New York City (Cadwalader, Wickersham & Taft, P. Jay Flocken and Haven C. Roosevelt, New York City, on brief), for plaintiffs- appellants.
 William E. Jackson, New York City (Milbank, Tweed, Hadley & McCloy, Floyd E.Brandow, Jr., and Isaac Shapiro, New York City, on brief), for defendant-appellee New York Stock Exchange, Inc.
 Alan Blank, Sp. Counsel, Securities and Exchange Commission, Washington, D.C. (Walter P.North, Acting Gen. Counsel, Washington, D.C., on brief), for Securities and Exchange Commission, amicus curiae.
 Before MANSFIELD and TIMBERS, Circuit Judges and GURFEIN, District Judge.*
 PER CURIAM:
 
 
 1
 On July 6, 1972 the Board of Governors of the New York Stock Exchange (Exchange), following a hearing in accordance with its Constitution, unanimously voted to expel from Exchange membership Robert W. Stark, Jr., a member, and Robert W. Stark, Jr., Inc., a member corporation. The expulsion arose out of a recapitalization of Stark, Inc. by Kansas City Securities Corporation (KCSC) in violation of the Exchange's Rule 318, which imposes upon members a "parent test" designed to limit membership to organizations having as their primary purpose the transaction of business as brokers or dealers in securities. The effect of the rule has been to preclude membership that would enable institutions affiliated with a member to recapture commissions. KCSC is a wholly owned subsidiary of Waddell & Reed, Inc., an investment advisor, which in turn is wholly owned by Continental Investment Corp., a holding company that owns or controls various subsidiaries engaged in financial or related activities, including mutual funds.
 
 
 2
 On June 15, 1972 plaintiffs commenced an action against the Exchange for treble damages and injunctive relief alleging among other things that they had been excluded from membership through discriminatory rules and regulations in violation of the antitrust laws of the United States, Sherman Act Secs. 1, 2, 15 U.S.C. Secs. 1, 2. On July 20, 1972, 346 F.Supp. 217 the district court denied preliminary injunctive relief as to Stark, Inc. but granted a preliminary injunction as to Stark individually, restraining the Exchange from taking action pending trial to implement its order expelling him from membership. Stark, Inc. and Stark individually appealed.[1] We affirm.
 
 
 3
 Reversal would be warranted only upon a showing of abuse of discretion by the district court. Appellants assumed the burden of demonstrating either a combination of probable success and the possibility of irreparable injury or that they had raised serious questions going to the merits and that the balance of hardships tipped sharply in their favor. Checker Motors Corp. v. Chrysler Corp., 405 F.2d 319, 323 (2 Cir.), cert. denied, 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969), Dino deLaurentiis Cinematographica S.p.A. v. D-150 Inc., 366 F.2d 373 (2 Cir. 1966). No such showing has been made here.
 
 
 4
 The district court found that there has been a failure to demonstrate a likelihood of ultimate success on the merits or that appellants will suffer irreparable injury unless preliminary relief is granted. These findings are supported by substantial evidence. Even if this were treated as a government antitrust suit the record before us would not warrant our upsetting the denial of injunctive relief. See, e.g., United States v. International Telephone and Tel. Corp., 306 F.Supp. 766 (D.Conn.1969). Under the district court's order the business of Stark, Inc., which has been derived almost entirely from KCSC, can continue to be carried on by Stark individually, thus permitting any alleged losses to Stark, Inc. to be measured in dollars. Under such circumstances Judge Brieant acted well within the bounds of permissible discretion in denying preliminary relief.
 
 
 5
 The order is affirmed.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 An appeal taken by the Exchange from the order granting partial relief as to Stark individually has not yet been perfected