Daniel G. Albert, J.
Petitioner Frances Palermo has been employed at the Nassau County Medical Center as a hospital *1015 aide I. On or about December 5, 1974, petitioner was served with formal charges pursuant to section 75 of the Civil Service Law and in accordance with subdivision 3 thereof, she was suspended without pay for a period of 30 days. The formal charges include, inter alia, that petitioner is continuously late in reporting for work, refuses to wear the proper uniform, refuses to perform the work assigned to her in the regular course of her duties and leaves her post without permission, thereby disrupting the established procedures of the hospital. Other charges lodged against petitioner date back to 1972.
Petitioner categorically denies the charges except those which are admitted with an explanation, and she further denies any misconduct prejudicial to the discipline at her department in the Medical Center. Petitioner commenced this CPLR article 78 proceeding alleging that her suspension deprived her of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution, in that she was granted no hearing prior to her suspension. She seeks a court order reinstating her to her position as a hospital aide I.
Respondent has moved for judgment pursuant to CPLR 7804 (subd [f]) dismissing the petition on the ground that petitioner has shown no basis for the relief sought. The Attorney-General has intervened pursuant to section 71 of the Executive Law to uphold the constitutionality of subdivision 3 of section 75 of the Civil Service Law.
The pivotal issue in this proceeding concerns the constitutionality of subdivision 3 of section 75 of the Civil Service Law which provides for a suspension without pay for a period not exceeding 30 days pending the hearing and determination of charges of incompetency or misconduct. The statute further provides that if the employee is acquitted, said employee shall be restored to his position with full pay for the period of suspension.
There is no doubt that petitioner’s civil service employment is a property right which cannot be taken from her without satisfying the dictates of due process of law (Perry v Sindermann, 408 US 593; Board of Regents v Roth, 408 US 564). The question presented is whether due process requires a hearing prior to suspension. -
Petitioner relies upon a line of Supreme Court cases which generally hold that a hearing is required prior to a nonfinal deprivation of property in the absence of extraordinary cir *1016 cumstances (Fuentes v Shevin, 407 US 67 [replevin of personal property]; Bell v Burson, 402 US 535 [suspension of motor vehicle license and registration]; Goldberg v Kelly, 397 US 254 [welfare recipient]; Sniadach v Family Finance Corp., 395 US 337 [prejudgment garnishment]). More recent Supreme Court pronouncements (Arnett v Kennedy, 416 US 134; Mitchell v Grant Co., 416 US 600) indicate that the import of the above cases has been limited, and that the focus of the inquiry should be on whether the statutory procedures reasonably accommodate the interests of all parties.
The Court of Appeals decision in Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse (35 NY2d 534), which relied upon the most recent Supreme Court decisions, is dispositive of the issue presented herein. In Matter of Jerry, the court dealt with cases arising under section 3020-a of the Education Law concerning proceedings for discharge of tenured teachers. Although the court found that the statute did not provide for suspension without pay prior to a hearing, the court was unanimous in the view that a suspension without pay of a tenured teacher is constitutionally permissible. In the words of the court (p 541): "All of the members of the court are of the view that suspension of a tenured teacher without pay pending the final determination of section 3020-a disciplinary proceedings, provided such determination is not unreasonably delayed, would involve no infringement of the teacher’s constitutional rights (Sanford v Rockefeller, 35 NY2d 547; Arnett v Kennedy, 416 US 134; cf. Mitchell v Grant Co., 416 US 600; Pordum v Board of Regents of State of N. Y., 491 F2d 1281, cert den 419 US 843).” Such reasoning mandates a dismissal of the petition herein.
In the area of governmental employer-employee relation; ships (the cases relied upon by petitioner, supra, deal with areas markedly dissimilar), the court is of the opinion that the provisions of the subject statute reasonably accommodate the competing interests involved. Government has a very definite interest in maintaining employee efficiency at a high peak so as to enable it to perform its responsibilities economically and effectively, especially in these times of financial distress.
Some of the charges herein, contrary to petitioner’s assertion that they are frivolous, are deemed to be serious by this court. It is imperative that in orderly operation of a medical facility employees report on time, perform assigned tasks which are within the regular course of their duties and follow *1017 the instructions of their supervisors. To demand less of employees would undermine the efficient operation of the medical center. The court notes that petitioner’s employment cannot be terminated without a full adversary hearing at which she is entitled to be represented by counsel and will be afforded a full opportunity to answer the charges against her.
Accordingly, judgment is rendered in favor of the respondent dismissing the petition.