**Joseph McINTYRE et al., Plaintiffs,**

v.

**NEW YORK CITY DEPARTMENT OF CORRECTION et al., Defendants.**

**No. 76 Civ. 956–LFM.**

United States District Court,
S. D. New York.

April 27, 1976.

W. Bernard Richland, Corp. Counsel, New York City, for City defendants; Donald Nussbaum and Beryl Kuder, Asst. Corp. Counsels, New York City, of counsel.

Biagi, Ehrlich & Lang, New York City, for plaintiffs; Bernard G. Ehrlich, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiffs in this purported class action move, pursuant to Rule 65(a), Fed.R.Civ.P., for an order preliminarily enjoining defendants from suspending plaintiffs or members of their class from their civil service positions, pursuant to Section 75(3) of the New York Civil Service Law (McKinney 1973). A hearing was held on March 5, 1976 at which counsel for plaintiffs waived all factual issues and rested on their contention that the challenged statute is facially unconstitutional.

Plaintiffs, tenured corrections officers employed by New York City, assert that they have been suspended from work without pay for up to 30 days, pursuant to Section 75(3), without a prior hearing on, and determination of, the grounds for such suspensions. It is claimed that they have thus been deprived of property without due process of law in violation of the Fourteenth Amendment.

Defendants admit that plaintiffs were suspended without a prior hearing, but contend that there is no lack of due process because plaintiffs are entitled to a full evidentiary hearing after suspension and because an individual, if acquitted of the charge against him, is reinstated with full back pay. Defendants argue that, in light of the competing interests between the government and its employees, such a procedure satisfies due process.

To prevail on this motion for a preliminary injunction, plaintiffs must demonstrate either a combination of probable suc-

cess and the possibility of irreparable injury, or that they have raised serious questions going to the merits and that the balance of hardships tips sharply in their favor.[1] We find that plaintiffs have not satisfied either of these requirements.

■ Disciplinary proceedings against tenured civil service employees are governed by Section 75 of the Civil Service Law. These employees may be removed or otherwise penalized only for "incompetency or misconduct shown after a hearing . . ." The employee is entitled to written notice of the charges and an opportunity to respond. He has a right to be represented at the hearing by counsel and to summon witnesses on his behalf. The burden of proof rests upon the person asserting the misconduct or incompetence.

The challenged statute, Section 75(3), provides in part:

"Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days."

■ There is no question that civil service employment is a property right which cannot be taken by procedures not comporting with due process requirements.[2] The question here, therefore, is whether due process mandates a hearing prior to suspension.

Plaintiffs cite a number of recent Supreme Court decisions holding that a non-final deprivation of property violates due process in the absence of a prior hearing.[3]

They rely, in particular, upon *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), where the Court struck down Florida and Pennsylvania replevin statutes permitting the ex parte seizure of goods. These cases, however, have since been limited.[4]

In *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), the Court addressed itself to the question of whether the dismissal of a nonprobationary federal employee without a pretermination hearing violated due process. Mr. Justice Rehnquist, writing for a plurality of the Court, upheld the constitutionality of such a procedure, distinguishing the cases on which plaintiffs in the instant case rely, as dealing with areas

"dissimilar to the area of governmental employer-employee relationships with which we deal here. The types of 'liberty' and 'property' protected by the Due Process Clause vary widely, and what may be required under that Clause in dealing with one set of interests which it protects may not be required in dealing with another set of interests."[5]

Mr. Justice Powell, in a concurring opinion, stated that a nonprobationary public employee was entitled to a hearing but that the question of whether a pretermination hearing is required

"depends on a balancing process in which the Government's interest in expeditious removal of an unsatisfactory employee is weighed against the interest of the affected employee in continued public employment."[6]

---

1. *Sonesta Int'l Hotels Corp. v. Wellington Associates,* 483 F.2d 247, 250 (2d Cir. 1973); *Gulf & Western Indus., Inc. v. Great Atl. & Pac. Tea Co.,* 476 F.2d 687 (2d Cir. 1973); *Robert W. Stark, Jr., Inc. v. New York Stock Exchange, Inc.,* 466 F.2d 743, 744 (2d Cir. 1972). See *Checker Motors Corp. v. Chrysler Corp.,* 405 F.2d 319, 323 (2d Cir.), *cert. denied,* 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969).

2. *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

3. *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

4. See, *e. g., Mitchell v. W. T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).

5. 416 U.S. at 155, 94 S.Ct. at 1644, 40 L.Ed.2d at 33.

6. 416 U.S. at 167–168, 94 S.Ct. at 1651, 40 L.Ed.2d at 41. See also *Goldberg v. Kelly,*

The plaintiff in *Pordum v. Board of Regents of State of New York,* 491 F.2d 1281 (2d Cir. 1974), claimed that the suspension of his New York State Teaching Certificate by the Commissioner of Education without a prior hearing violated due process. The court applied a balancing test between the interests of plaintiff and the state and held that a prior hearing was unnecessary in view of the fact that plaintiff was entitled to a full hearing after suspension at which he could present evidence and cross-examine witnesses, that he could obtain judicial review of an adverse determination, and that he would be entitled to back pay if eventually vindicated.

The statute challenged here was the subject of a similar attack in *Palermo v. Eisenberg,* 81 Misc.2d 1014, 367 N.Y.S.2d 378 (Sup.Ct.1975). There, the court, citing *Arnett, supra,* held that the statute comported with due process since

> "the provisions of the subject statute reasonably accommodate the competing interests involved. Government has a very definite interest in maintaining employee efficiency at a high peak so as to enable it to perform its responsibilities economically and effectively, especially in these times of financial distress." [7]

■ We are persuaded by the reasoning of the court in *Palermo* that Section 75(3) is not facially defective. The interests of the government in maintaining a highly efficient civil service, and thus promoting the public good, is most substantial. Surely, the ability to suspend a public employee who is charged with misconduct or incompetence, especially one who occupies the sensitive and demanding position of corrections officer, is a reasonable and practical means of promoting the general discipline and efficiency of the civil service.

This is not to say that plaintiffs' interest in not being suspended without pay for 30 days is insignificant. This interest, however, is clearly outweighed by the competing interest of the state. We note in this regard that the New York Legislature has provided substantial safeguards inuring to plaintiffs' benefit: the period of suspension is limited; plaintiffs are afforded a full opportunity to vindicate themselves; the burden of proof remains upon the person charging incompetence or misconduct; plaintiffs are entitled to representation by counsel; and they may produce evidence on their behalf. Furthermore, an adverse determination may be reviewed [8] either by appealing to "the state or municipal commission having jurisdiction" or by resorting to the state courts in an Article 78 proceeding.[9] And, if eventually vindicated, the civil servant "shall be restored to his position with full pay for the period of suspension . . . ."

■ In view of these safeguards and the significant interest of the state, we find that Section 75(3) of the Civil Service Law does not violate due process on its face. Since this is true, plaintiffs have failed to satisfy the requirements necessary to obtain a preliminary injunction.[10]

Accordingly, plaintiffs' motion for a preliminary injunction, pursuant to Rule 65(a), Fed.R.Civ.P., is denied.[11]

So ordered.

*supra,* 397 U.S. at 263–266, 90 S.Ct. at 1018–19, 25 L.Ed.2d at 296–98.

**7.** 81 Misc.2d at 1016, 367 N.Y.S.2d at 381. See also *Jerry v. Board of Education of City of Syracuse,* 35 N.Y.2d 534, 364 N.Y.S.2d 440, 324 N.E.2d 106 (Ct.Apps.1974).

**8.** See N.Y. Civil Service Law § 76 (McKinney 1973).

**9.** N.Y. Civil Practice Law and Rules §§ 7801 et seq. (McKinney 1963).

**10.** Specifically, they have not established a probability of success on the merits and the danger of irreparable harm. Nor have they shown that the balance of hardships tips sharply in their favor.

**11.** Plaintiffs failed to request, either in their complaint or upon this application, the convening of a three-judge court, pursuant to 28 U.S.C. § 2281. See Rule 25 of the General Rules of the Southern District of New York. In any event, we have concluded that it is unnecessary to convene such a court. See *Pordum v. Board of Regents of State of New York,* 357 F.Supp. 222 (N.D.N.Y.1973), *aff'd,* 491 F.2d 1281 (2d Cir. 1974).