**FRA S. p. A. et al., Plaintiffs,**

v.

**SURG–O–FLEX OF AMERICA, INC. and Joseph Ventura, Defendants.**

**No. 75 Civ. 3363 (CHT).**

United States District Court,
S. D. New York.

May 17, 1976.

Pavia & Harcourt, New York City, for plaintiffs; Frances B. Bernstein, New York City, of counsel.

Dahan & Appel, New York City, for defendants; Paul H. Appel, New York City, of counsel.

TENNEY, District Judge.

Defendants have moved this Court pursuant to Rule 12 of the Federal Rules of Civil Procedure for an order dismissing substantial portions of the plaintiffs' complaint; an order striking certain counts of the complaint; an order for a more definite statement as to the counts not dismissed or stricken; an order pursuant to Rule 2 and Rule 15 of the Civil Rules of the Southern District of New York directing plaintiff FRA S.p.A. to file a security bond; and for costs of this motion. For the reasons set forth below, defendants' motion is denied in all respects with prejudice to future renewal.

After institution of this action, based on common law and statutory claims of trademark violations and unfair competition,[1] plaintiffs sought a preliminary injunction pursuant to Fed.R.Civ.P. 65, which in turn prompted defendants to cross-move under Rule 12(b) for dismissal of plaintiffs' motion. This Court issued an opinion on August 15, 1975, granting the relief requested by plaintiffs and denying defendants' motion. The facts underlying the dispute were summarized in that opinion as follows:

"Plaintiff, FRA S.p.A. ("FRA"), is the Italian manufacturer of an elasticized, net bandage sold in this country. FRA Surgifix, Inc. is its exclusive United States distributor and a wholly-owned subsidiary of FRA. Plaintiff William Gruen is the Vice President of FRA Surgifix, Inc. Defendant SURG–O–FLEX of America, Inc. ("SURG–O–FLEX") is the former United States distributor of Surgifix products and now sells a similar elasticized, net bandage under the trademark SURG–O–FLEX. Defendant Joseph Ventura is the President of SURG–O–FLEX of America, Inc.

"Defendant SURG–O–FLEX, through a predecessor corporation, became the sole United States distributor of the products of FRA in 1970. The relation, however, proved to be a strain, and in late 1972, the parties severed their ties and memorialized the parting with a written settlement agreement. . . . [That agreement contained] a provision requiring plaintiffs to supply defendants with plaintiffs' product for 120 days after the date of the settlement agreement (¶ 1). . . .

"The problem herein arose when plaintiffs allegedly found samples of its product in many areas of the country with

---

1. The action alleges violations of 15 U.S.C. §§ 1125(a) and 1126(h), (i), popularly referred to as the "Lanham Act." The Lanham act provides in pertinent part as follows:

"§ 1125. False designations of origin and false descriptions forbidden

(a) Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality if situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

defendants' trademark literally pasted on the box, thereby obscuring plaintiffs' product name. Since the names are similar—Surgifix and SURG–O–FLEX—plaintiffs allege that the public has been and will be misled and that the confusion in the marketplace has caused and will continue to cause damage to plaintiffs' reputation." 415 F.Supp. 418, at 419–420, No. 75 Civ. 3363 (S.D.N.Y.1975) (unreported opinion).

Accordingly, an order of preliminary injunction was entered on October 6, 1975 restraining defendants from placing SURG–O–FLEX labels on the plaintiffs' packages and requiring the recall of all such falsely labelled packages then on the market or, in the alternative, removal of the misleading labels. Defendants' next step was to proceed by order to show cause to restrain plaintiffs from, *inter alia*, distributing and commenting upon the injunction order in the course of their business dealings. After a hearing in November on this application, the Court denied the motion in all respects. In addition to their cross-motion, defendants further pursued their litigative assault in September with the submission of the instant motion raising a multitude of objections to the complaint. Consideration of the arguments presented by defendants reveal many of the objections to be repetitive and frivolous, and the Court will therefore refrain from addressing each of the objections individually.

Basically, defendants' omnibus motion can be divided into three categories: (1) an application for an order under Rule 12(b)(6) dismissing the complaint as to certain parties for failure to state a claim upon which relief can be granted; (2) an attack on each count of the complaint individually on various grounds by way of an order pursuant to Rule 12(f) to strike certain counts as redundant and/or immaterial, and an order pursuant to Rule 12(e) for a more definite statement as to each count not dismissed under 12(b)(6) or 12(f); and (3) a demand for a security bond.

■ It is well-settled that for purposes of a Rule 12 motion, the well-pleaded allegations of the complaint are taken as true. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 174–75, 86 S.Ct. 347, 348, 15 L.Ed.2d 247, 249 and n. 4 (1965); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974); 2A Moore's Federal Practice ¶ 12.08. Construing the allegations favorably toward the pleader, a complaint will not be dismissed unless no interpretation of the facts would entitle plaintiff to relief. *See* 5 Wright & Miller, Federal Practice & Procedure § 1356. The established standard for judging the sufficiency of a complaint is as follows:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle. him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). *See also Clay v. Martin*, 509 F.2d 109, 112 (2d Cir. 1975); *Byram River v. Village of Port Chester, New York*, 394 F.Supp. 618, 628–29 (S.D.N.Y.1975); *Owens v. Housing Authority of City of Stamford*, 394 F.Supp. 1267, 1270 (D.Conn.1975).

■ The purpose of a Rule 12(b) motion is to expedite a hearing on the merits of an action, not to outfit a party with tactical armaments for delay and harassment of his adversary. Rule 1 states that the federal rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 8(f) continues to instruct that "[a]ll pleadings shall be so construed as to do substantial justice." The principle of liberal construction of pleadings embodies the Federal Rules' fundamental design to preserve the substance of an action from failing because of irregularities and peccadilloes in form. 2A Moore's Federal Practice ¶ 12.08 at 2274; ¶ 8.34. *See A. T. Brod & Co. v. Perlow*, 375 F.2d 393, 398 (2d Cir. 1967). The Supreme Court has reiterated this principle:

"The Federal Rules reject the approach that pleading is a game of skill in which

one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

*Conley v. Gibson, supra,* 355 U.S. at 48, 78 S.Ct. at 103, 2 L.Ed.2d at 86, *citing Maty v. Grasselli Chemical Co.,* 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745 (1938).

■ The gravamen of the complaint, with the exception of Counts VI and VIII, is trademark infringement and unfair competition. Count VIII sounds in breach of contract and Count VI charges the inducement of a breach of contract, a prima facie tort. In various and sundry objections to each of the counts, defendants contend that the "Settlement Agreement" constitutes a contractual release thereby barring the instant action. Construction of this document is an issue more appropriately raised as an affirmative defense in a pleading under Fed.R.Civ.P. 8(c), or in a motion for summary judgment under Rule 56, accompanied by the necessary documentary submissions.[2] Rather than proceeding in either such manner, defendants instead chose to bring a Rule 12(b)(6) motion, ostensibly relying upon plaintiffs to incorporate the Settlement Agreement in their pleadings. (Defs. Reply Memo. at 10).

■ Defendants' circumlocutionary challenge to the capacity and standing of plaintiffs FRA Surgifix, Inc. and William Gruen, by seeking to dismiss the complaint as to those parties, also involve matters which should be specifically pleaded as affirmative defenses in the answer to the complaint. Although defendants place great

reliance upon the purported release of the Settlement Agreement, they did not choose to convert their motion into one under Rule 56, a tactical decision, very likely made with a view towards prolonging dilatory motion practice.[3]

The sophistry of the objections, primarily concerning the Settlement Agreement, becomes apparent when viewed in light of this Court's earlier observations and comment on that agreement. (See unreported opinion of this Court, 415 F.Supp. 418, at 421, No. 75 Civ. 3363, dated August 15, 1975). Despite defendants' peremptory depiction of that contract, this Court is unconvinced that it disposes of certain of plaintiffs' claims. Defendants have not been able to satisfy the strict test for a Rule 12(b)(6) motion under *Scheuer v. Rhodes, supra,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90; *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., supra,* 382 U.S. 172, 86 S.Ct. 347, 17 L.Ed.2d 247; and *Conley v. Gibson, supra,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80.

■ Defendants' challenge under 12(b)(6) to the standing of certain plaintiffs in this action is likewise belied, at least for purposes of this motion, by colorable authority to the contrary. Use of the broad phrase "any person" in 15 U.S.C. § 1125(a) denotes a legislative design not to limit the right of action to trademark owners. Cases have held that a nonowner of a trademark may maintain an action under the Lanham Act. *See Norman M. Morris Corp. v. Weinstein,* 466 F.2d 137 (5th Cir. 1972) (exclusive distributor may bring suit); *Potato Chip Insti-*

---

**2.** If the court accepts any material beyond the pleadings in conjunction with a Rule 12(b)(6) motion, the motion to dismiss will be converted into one for summary judgment under Rule 56. The last line of Rule 12(b)(6) states: "[i]f . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ." *See Restivo v. Conservative Party of the State of New York,* 391 F.Supp. 813, 815 (S.D.N.Y. 1975); *Barrett v. United Hospital,* 376 F.Supp. 791, 795 (S.D.N.Y.1974), *aff'd without opinion,* 506 F.2d 1395 (2d Cir. 1974); *Cordaro v. Lusardi,* 354 F.Supp. 1147, 1149 (S.D.N.Y.1973). Defendants in this case place great emphasis on

the asserted dispositive nature of the Settlement Agreement, but have made no request to convert their motion into one for summary judgment upon introduction into evidence of that document.

**3.** For instance, defendants may have intended to submit a Rule 56 motion at a future point in the course of this litigation. It is equally plausible, however, that the tactical decision was made in view of this Court's earlier surmise of the agreement as less than dispositive. See opinion of the motion for preliminary injunction, 415 F.Supp. 418, at 421, No. 75 Civ. 3363 (S.D.N.Y.1975).

*tute v. General Mills, Inc.*, 333 F.Supp. 173, 179 (D.Neb.1971), *aff'd*, 461 F.2d 1088 (8th Cir. 1972) (association may bring suit for injury to members); *G. H. Mumm Champagne v. Eastern Wine Corp.*, 142 F.2d 499, 502 (2d Cir.), *cert. denied*, 323 U.S. 715, 65 S.Ct. 41, 89 L.Ed. 575 (1944) (exclusive distributor may maintain action for trademark infringement and unfair competition); *D. M. Antique Import Corp. v. Royal Saxe Corp.*, 311 F.Supp. 1261, 1268 (S.D.N.Y. 1970) (right of distributor to maintain action); *Mutation Mink Breeders Association v. Nierenberg*, 23 F.R.D. 155, 161–62 (S.D. N.Y.1955) (right of association to bring suit to protect its members).

■ In sum, the Court is convinced that plaintiffs adequately set forth grounds for legal claims and provide defendants with fair notice of the underlying events at issue. Defendants have not persuaded the Court, as they must do to make out the failure of a complaint to state a claim for relief under Rule 12(b)(6), that plaintiffs should not be permitted to introduce evidence at a trial in support of their allegations, and therefore the Court will not truncate the action at this point.

■ As mentioned earlier, defendants interposed a Rule 12 motion in response to plaintiffs' application for emergency relief in the form of a preliminary injunction. Rule 65, Fed.R.Civ.P., is a mechanism to secure provisional relief for an underlying claim in extraordinary circumstances. It does not introduce an independent cause of action. The opponent of a Rule 65 motion generally responds by submitting papers in opposition to the motion. Rather than adhering to the normal procedure, defendants chose to register their opposition by drafting a Rule 12 motion, denominated as a "Cross-Motion to Dismiss and Opposition to Plaintiffs' Motion for Preliminary Injunction." Accordingly, this Court has con-

strued defendants' objections according to the terms of the rule under which they were drafted for presentation to the Court —Fed.R.Civ.P. 12(b). Therefore, even though the verbiage was limited to the appropriateness of the relief requested, defendants' earlier Rule 12(b) motion to dismiss must be considered a response to the claim underlying the Rule 65 motion for emergency relief. Moreover, since one element of a Rule 65 determination is the probability of success on the merits of the underlying claim, the merits are necessarily put in issue, and the opponent of the motion has the opportunity to raise substantive objections to the claim in his opposition.[4] Having painstakingly selected Rule 12 as the vehicle for objecting to plaintiffs' Rule 65 motion, defendants must now accept all the consequences of their litigative choice.

Rule 12(g) provides that:

"(g) *Consolidation of Defenses in Motion.* A party who makes a motion under this rule [Rule 12] may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated."

Rule 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted . . ., may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."

It is clear that the practice contemplated by Rule 12 is one which avoids a series of motions resulting in delay and dilatory tactics. 2A Moore's Federal Practice ¶ 12.22, at 2440. In their treatise on federal prac-

---

4. Defendants' cross-motion sought

"an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, dismissing plaintiffs' motion for a preliminary injunction upon the grounds that (a) there is no personal jurisdiction over the person of the defendants . . .; (c) this Court lacks jurisdic-

tion over the subject matter of the motion; and (d) plaintiffs have failed to state a claim upon which the relief sought in the notice of motion can be granted. . . ." (Plaintiffs' Notice of Cross-Motion, filed July 22, 1975).

tice, Professors Wright and Miller explained the operation of the rule as follows:

"In considering the operation of Rule 12(g), it is advisable to keep in mind that Rule 12 was drafted by the Advisory Committee to prevent the dilatory motion practice fostered by common law procedure and many of the codes whereby numerous pretrial motions could be made, many of them in sequence—a course of conduct that often was pursued for the sole purpose of delay. At the same time, Rule 12 is designed to protect parties from the unintended waiver of any legitimate defense or objection. Indeed, the only persons to whom Rule 12(g) presents a hazard are motion-minded lawyers who, from force of habit or lack of good faith, cannot close their pleadings or come to issue without attempting to make numerous motions.

"Simply stated, the objective of the rule is to eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. He cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously. Any defense that is available at the time of the original motion but is not included, may not be the basis of a second pre-answer motion."

5 Wright & Miller, Federal Practice & Procedure § 1384, at p. 837 (footnotes omitted).

■ Keeping in mind the fundamental philosophy "to work substantial justice in all cases," *E. I. Du Pont de Nemours & Co. v. DuPont Textile Mills, Inc.*, 26 F.Supp. 236 (D.C.Pa.1939), this Court must deny defendants' motion for a more definite statement under Rule 12(e). Not only is the motion untimely[5] according to the directive of Rule 12(g), but this Court additionally finds that the complaint as drafted is sufficiently

definite and intelligible as to enable defendants to frame a responsive pleading. Rule 12(e) is designed to correct only unintelligibility in a pleading not merely a claimed lack of detail. *Stanton v. Manufacturers Hanover Trust Co.*, 388 F.Supp. 1171, 1174 (S.D.N.Y.1975); *Fairmont Foods Co. v. Mananello*, 301 F.Supp. 832, 839 (S.D.N.Y. 1969). The Rule concerns defects in the complaint, which must be only specific enough to apprise defendant of the substance of a claim so that he may adequately draft a responsive pleading. The complaint in this case satisfies that requirement, and any further explication of the pleading would be unnecessarily time-consuming. Rule 12(e) cannot be invoked to usurp the ordinary channels of pre-trial discovery. *See Oresman v. G. D. Searle & Co.*, 321 F.Supp. 449, 458 (D.Conn.1971).

■ Similarly, because striking a portion of a pleading under Rule 12(f) is "a drastic remedy . . . often sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." 5 Wright & Miller, Federal Practice & Procedure § 1380, at p. 783; 2A Moore's Federal Practice ¶ 12.21. Unless it is clear that the portion of the pleading has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant, the complaint should remain intact. *United States Dental Institute v. American Association of Orthodontists*, 396 F.Supp. 565, 583 (N.D.Ill.1975); *Federated Department Stores, Inc. v. Grinnell Corporation*, 287 F.Supp. 744, 747 (S.D.N.Y.1968); 2A Moore's Federal Practice ¶ 12.21[2], at 2429, 2431. Defendants have not made this showing, and it would therefore be inappropriate to strike any part of the complaint. Again, any objection under 12(f), as well as 12(e), was available to defendants at the time they initially chose to move under 12(b) in response to plaintiffs' preliminary injunction application. This motion, then, is untimely as well as spurious, and appar-

---

**5.** "If any other motion under Rule 12 is made before serving a responsive pleading, the motion for a more definite statement must be consolidated with it or it is waived. . . . " 2A Moore's Federal Practice ¶ 12.19, at 2414.

ently interposed for the purpose of engaging plaintiffs' counsel, and incidentally the court, in excessive paperwork. Such legal legerdemain cannot be condoned if the courts are to advance the overall purpose of modern federal motion practice, to wit, the furtherance of substantive justice and efficient adjudication of genuine disputed issues.

Defendants' course of action in this case to date, consisting of successive motions, is exactly that type of dilatory conduct that the Federal Rules seek to prevent. Even the grounds raised in defendants' motion under Rule 12(b) are ones that were available to them earlier and could have been raised at the time they submitted their earlier "Cross-Motion to Dismiss." Although Rules 12(g) and 12(h)(2) appear to preserve the timeliness of a 12(b)(6) objection for failure to state a claim, the purpose of that very Rule is undermined when the court's precious time and resources are squandered on successive motions which were available at an earlier time.

In sum, then, it is clear that plaintiffs' complaint raises substantial legal questions and should not be dismissed at this stage. Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied. The motion for a more definite statement pursuant to Rule 12(e) and the motion to strike pursuant to Rule 12(f) are also unsupported by the record and thereby denied. Finally, the Court has considered defendants' motion for an order directing plaintiffs to post additional security in this action, and hereby denies such motion. In accordance with the letter of the Federal Rules' mandate to construe pleadings liberally and in the spirit of working substantial justice for all parties by facilitating the just and efficient resolution of controversies, this Court denies defendants' omnibus motion in all respects, with prejudice to its renewal.

So ordered.